UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY,<br><br>                Plaintiff,<br><br>        v.<br><br>FIREMAN'S FUND INSURANCE COMPANY, et al.,<br><br>                Defendants. | Case No. 15-cv-02592-SI<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Defendant Fireman's Fund Insurance Company moves to dismiss plaintiff Hartford Casualty Insurance Company's cause of action for reformation (Count 3). The motion, which seeks dismissal for lack of subject matter jurisdiction and failure to state a claim, is scheduled for a hearing on September 18, 2015. Pursuant to Civil Local Rule 7-1(b), the Court determines this motion is appropriate for resolution without oral argument and **VACATES** the hearing. For the reasons set forth below, the Court **GRANTS** Fireman's Fund's motion to dismiss Count 3 for reformation, with leave to amend.

## BACKGROUND

The following allegations are taken from plaintiff's complaint. Docket No. 1, Complaint.

In September 2013, a wrongful death lawsuit ultimately resulted in an approximately $8,800,000 judgment against Herndon Partners, LLC ("Herndon"), a California corporation owned by Paul Owhadi.[1] Compl. ¶¶ 4, 11, 14, 17-19. The lawsuit arose after Francisco Martinez

---

[1] In June 2013, a jury verdict resulted in an approximately $14,000,000 judgment against Herndon. Compl. ¶ 15. In August 2013, the Fresno Superior Court issued a remittitur, reducing the award to approximately $8,800,000, which plaintiffs subsequently accepted. *Id.* ¶¶ 17-18.

Moreno was electrocuted while working at a home located at 31522 Broad Beach Road in Malibu, California ("Subject Premises") in September 2009. *Id.* ¶¶ 11-12. Only Herndon held title to the Subject Premises. *Id.* ¶¶ 13, 29.

Prior to the wrongful death lawsuit, plaintiff Hartford issued to Herndon a business liability policy with both primary coverage ($2,000,000 limit) and excess coverage ($1,000,000 limit). *Id.* ¶¶ 21-23. The Hartford policies were in effect from March 19, 2009 to March 1, 2010. *Id.* ¶ 21.

Defendant Fireman's Fund issued a primary homeowner's policy, listing the Subject Premises, with a $300,000 limit and named "Paul Owhadi c/o Herndon Partners LLC" as the insured and "Herndon Partners LLC" as an additional insured. *Id.* ¶¶ 25-26. The Fireman's Fund Primary Policy was effective from October 29, 2008 to October 29, 2009. *Id.* ¶ 25. Fireman's Fund also issued an excess liability policy with a $5,000,000 limit, effective October 2, 2008 to October 2, 2009. *Id.* ¶ 28. The Fireman's Fund Excess Policy covered the Subject Premises, among seventeen other properties. *Id.* ¶¶ 28, 35. Although only Herndon held title to the Subject Premises, the Fireman's Fund Excess Policy only named "Paul Owhadi [and] Susan Owhadi" as insureds. *Id.* ¶ 29. The Fireman's Fund Excess Policy contained exclusions for business activity, business property, and workers' compensation. *Id.* ¶¶ 44-45.

Hartford provided a defense to Herndon in the wrongful death lawsuit in 2011 under its primary coverage and excess coverage. *Id.* ¶¶ 38-39. Fireman's Fund also agreed to provide a defense to Herndon, but only under its primary policy. *Id.* ¶¶ 41, 44. Fireman's Fund refused to provide coverage under the excess policy because Herndon was not a named insured. *Id.* ¶ 44. Fireman's Fund also cited the exclusions for business activity, business property, and workers' compensation in the excess policy as reasons not to provide excess coverage. *Id.* ¶¶ 44-45.

In August 2014, Hartford, on behalf of its insureds, entered into a confidential settlement with the plaintiffs in the wrongful death lawsuit. *Id.* ¶ 49. The settlement was finalized in December 2014. *Id.* Because Fireman's Fund refused to contribute to the settlement, Hartford alone paid the settlement on behalf of Herndon. *Id.* ¶¶ 49, 51.

Pursuant to an Assignment Agreement executed in July 2013, Hartford is an assignee of

Herndon, Paul Owhadi, and Susan Owhadi for claims against Fireman's Fund related to the wrongful death lawsuit and the two Fireman's Fund policies. *Id.* ¶ 5; Compl., Ex. A. However, the Fireman's Fund policies contain clauses prohibiting assignment without Fireman's Fund's consent. *See* Compl., Ex. D; Ex. E.

On June 11, 2015, Hartford filed a complaint alleging causes of action for: (1) indemnity; (2) contribution; (3) reformation; (4) declaratory judgment; and (5) professional negligence. *See* Compl. As to Count 3, Hartford alleges that Fireman's Fund "knew or should have known" that Herndon—not Paul Owhadi—held title to the Subject Premises, which was covered by the Fireman's Fund Excess Policy, but still failed to name Herndon as an insured. *Id.* ¶¶ 70-71, 73. Hartford also alleges that Fireman's Fund "knew" that some of the eighteen covered properties listed on the Fireman's Fund Excess Policy were rental properties, and not personal residences, based on the application for the policy. *Id.* ¶ 72. As a result of "Fireman's Fund's errors," Hartford claims that it is entitled to reformation of both Fireman's Fund policies to delete the business exclusions and name Herndon as an insured. *Id.* ¶¶ 76-77.

By the present motion, made pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Fireman's Fund moves to dismiss Count 3 for reformation based on lack of standing and failure to allege facts sufficient to state a claim. Docket No. 20, Def.'s Mot. to Dismiss.

## LEGAL STANDARD

### I.   Rule 12(b)(1) Motion to Dismiss.

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint. *See* Fed. R. Civ. P. 12(b)(1). The party invoking the jurisdiction of the federal court bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). When the complaint is challenged for lack of subject matter jurisdiction on its face, all

3

material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *NL Indus.v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). In deciding a Rule 12(b)(1) motion which mounts a factual attack on jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

## II.     Rule 12(b)(6) Motion to Dismiss.

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987).

Although factual allegations are generally accepted as true for the purposes of the motion, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). The Court, for example, need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint."); *Van Hook v. Curry*, No. C 06-3148 PJH (PR), 2009 WL 773361, at *3 (N.D. Cal. Mar. 23, 2009) ("When an attached exhibit contradicts the allegations in the pleadings, the contents of the exhibits trump the pleadings.").

As a general rule, the Court may not consider materials beyond the pleadings when ruling

4

1  on a Rule 12(b)(6) motion. *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001). However, pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of "matters of public record," such as prior court proceedings. *Id.* at 688-89. The Court may also consider "documents attached to the complaint [and] documents incorporated by reference in the complaint . . . without converting the motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

**I.  Subject Matter Jurisdiction.**

If a party lacks Article III standing, a complaint will be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). A claim for reformation may be brought by an "assignee of an original contracting party." *Am. Home Ins. Co. v. Travelers Indem. Co.*, 122 Cal. App. 3d 100, 964-65 (Cal. Ct. App. 1981). Under the Assignment Agreement, Paul Owhadi, Susan Owhadi, and Herndon assign to Hartford their rights to claims against Fireman's Fund. Compl., Ex. A. Paul Owhadi and Herndon, as a named insureds on Fireman's Fund Primary Policy, are original contracting parties. Compl. ¶¶ 25-26. Paul Owhadi and Susan Owhadi, as named insureds on Fireman's Fund Excess Policy, are also original contracting parties. *Id.* ¶ 29. Thus, Hartford is an assignee of original contracting parties to both of Fireman's Fund policies.

An assignee may have standing even if the contract contains a clause prohibiting assignment without consent. Under California Insurance Code § 520, "[a]n agreement not to transfer the claim of the insured against the insurer after a loss has happened, is void if made before the loss except as otherwise provided in" the Insurance Code. In a recent decision, the

California Supreme Court held that Insurance Code § 520 applies to third party liability policies and that "after personal injury (or property damage) resulting in loss occurs within the time limits of the policy, an insurer is precluded from refusing to honor an insured's assignment of the right to invoke defense or indemnification coverage regarding that loss."[2] *Fluor Corp. v. Superior Court*, No. S205889, 2015 WL 4938295, at *12, 29 (Cal. Aug. 20, 2015) (overruling *Henkel Corp. v. Hartford Accident & Indemnity Co.*, 29 Cal.4th 934 (Cal. 2003)).

The *Fluor* court noted that "[t]he recognized rationale for enforcing a consent-to-assignment clause is to protect an insurer from bearing a risk or burden relating to a loss that is greater than what it agreed to undertake when issuing a policy." *Id.* at *25. But this rationale no longer applies when a loss has already happened because the insurer's risk or burden does not change based on an assignment. *Cf. id.* at *14-16 (collecting cases). Instead, the rule allowing assignment embodied in Insurance Code § 520 "contribut[es] to the efficiency of business by minimizing transaction costs and facilitating economic activity and wealth enhancement." *Id.* at *25.

Defendant contends that plaintiff lacks standing as an assignee of Herndon because the Fireman's Fund policies prohibit assignment without Fireman Fund's consent.[3] Docket No. 20-1, Def.'s Mot. to Dismiss, at 3. Further, defendant argues that *Fluor* does not apply to a reformation cause of action because such a claim does not seek "defense or indemnification coverage." Docket No. 29, Def.'s Reply, at 5 (citing *Fluor*, 2015 WL 4938295, at *29). However, the statute applies broadly to the assignment of "the claim of the insured against the insurer." *See* Insurance Code § 520. Nothing in the text of Insurance Code § 520 limits its applicability to only claims involving "defense or indemnification."

In applying Insurance Code § 520, the *Fluor* court held that "a loss has happened" when "a loss [is] sustained by a third party that is covered by the insured's policy, and for which the

---

[2] The California Supreme Court decided *Fluor* after defendant Fireman'sFund filed its motion to dismiss in this case, but before plaintiff Hartford filed its opposition.

[3] The Fireman's Fund Excess Policy states: "Assignment of this policy or a claim will not be valid unless we give our written consent." Compl., Ex. E at 91.

6

insured may be liable." *Fluor*, 2015 WL 4938295, at *26. Here, the loss happened when a third party individual was electrocuted on the Subject Premises in September 2009. Compl. ¶ 12. The Assignment Agreement was executed in July 2013, after the loss had happened. *Id.*, Ex. A. Thus, under Insurance Code § 520, the clause prohibiting the assignment of claims against Fireman's Fund is void, and plaintiff has standing to bring its claim for reformation.

## II.     Reformation.

While plaintiff has standing to assert a claim for reformation, plaintiff failed to allege facts sufficient to state a claim for reformation. When "a written contract does not truly express the intention of the parties" because of "fraud or a mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected," a court may reform the contract, "on the application of an aggrieved party, so as to express that intention." Cal. Civ. Code § 3399 (West). In order to state a claim for reformation, a plaintiff must "allege what the real agreement was, what the agreement as reduced to writing was, and where the writing fails to embody the real agreement." *Lane v. Davis*, 172 Cal. App. 2d 302, 309 (Cal. Ct. App. 1959) (citing *Johnson v. Sun Realty Co.*, 138 Cal. App. 296, 300 (Cal. Ct. App. 1934)). A court can "only reform the writing to conform with the mutual understanding of the parties at the time they entered into it, if such an understanding exists." *Hess v. Ford Motor Co.*, 27 Cal. 4th 516, 524 (Cal. 2002). Additionally, the complaint must allege "facts showing how the mistake was made, whose mistake it was, and what brought it about, so that mutuality may appear." *Lane*, 172 Cal. App. 2d at 309.

Plaintiff does not allege what the "real agreement was," or on what basis—fraud, mutual mistake, or unilateral mistake—the Fireman's Fund policies did not meet the real agreement. A cause of action for reformation must contain a "showing of a definite intention or agreement on which the minds of the parties had met which pre-existed and conflicted with the instrument in question." *Philips Med. Capital, LLC v. Med. Insights Diagnostics Ctr., Inc.*, 471 F. Supp. 2d 1035, 1047 (N.D. Cal. 2007); *see also Gillis v. Sun Ins. Office, Ltd.*, 238 Cal. App. 2d 408, 414 (Ct. App. 1965) ("It is also axiomatic that the court cannot reform and remake a contract for alleged mistake where there was never any such common intent."). Plaintiff acknowledges this

7

rule in its opposition, but the complaint only alleges that: (1) Paul Owhadi purchased the Fireman's Fund policies to protect Herndon from liability from business activities or business properties, among other things; (2) Fireman's Fund knew or should have known that Herndon alone held title to the Subject Premises; (3) Fireman's Fund knew that several of the properties covered under the Fireman's Fund Excess Policy were rental properties, not personal residences; and (4) Fireman's Fund failed to list Herndon as a named insured on the Fireman's Fund Excess Policy and included a business exclusion to the policy.  *See* Docket No. 25, Pls.' Opp'n, at 8; Compl. ¶¶ 69-73.  Although plaintiff's allegations make clear that the Fireman's Fund Excess policy, as written, did not meet Paul Owhadi's intent, plaintiff fails to allege that there was an actual agreement with Fireman's Fund that was different than the written policies. Because plaintiff failed to allege facts demonstrating an actual agreement, the complaint does not allege facts sufficient to state a claim for reformation.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendant's motion to dismiss, with leave to amend.  Plaintiff may file a First Amended Complaint no later than **September 18, 2015**.

**IT IS SO ORDERED.**

Dated: September 3, 2015

_____
SUSAN ILLSTON
United States District Judge