UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY,<br><br>             Plaintiff,<br><br>      v.<br><br>FIREMAN'S FUND INSURANCE COMPANY, et al.,<br><br>             Defendants. | Case No. 15-cv-02592-SI<br><br>**ORDER GRANTING MOTION TO DISMISS REFORMATION COUNT IN FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 38 |

Defendant Fireman's Fund Insurance Company ("Fireman's") moves to dismiss the reformation count ("Count 3") in plaintiff Hartford Casualty Insurance Company's first amended complaint ("FAC"). The motion is scheduled to be heard on November 6, 2015. Pursuant to Civil Local Rule 7-1(b), the Court determines this motion is appropriate for resolution without oral argument and **VACATES** the hearing. For the reasons set forth below, the Court **GRANTS** Fireman's motion to dismiss Count 3. Plaintiff is given leave to file a second amended complaint by November 20, 2015.

**BACKGROUND**

The Court set forth a detailed factual background in a prior order in this case and will therefore not repeat it here. *See* Dkt. No. 34 at 1-3. In brief, Hartford Casualty Insurance Company ("Hartford") and Fireman's together defended their insured, Herndon Partners, LLC, ("Herndon") in a wrongful death lawsuit following an accident at a building site in Malibu. FAC ¶¶ 11-12, 21-31, 38-41. A jury found Herndon solely liable and awarded $14,000,000 in damages to the victim's family; the award was later reduced to $8,800,000. FAC ¶¶ 15, 17.

The original Hartford policies provided for primary coverage up to $2,000,000 and excess

1    coverage up to $1,000,000 and named "California Psychological Institute, Inc." as the insured and
2    "Herndon Partners, LLC" as the additional insured. FAC ¶ 21; Ex. A, C.
3          There were two Fireman's policies: (1) a policy with a $300,000 liability limit originally
4    held by "Paul Owhadi c/o Herndon Partners LLC," with "Herndon Partners LLC" as an additional
5    named insured; and (2) a policy with a $5,000,000 liability limit originally held by "Paul Owhadi
6    [and] Susan Owhadi[.]" FAC ¶¶ 25-30.
7          At the close of the underlying case, Hartford entered into an assignment agreement with
8    Herndon, wherein Hartford agreed to indemnify Herndon for the judgment against it in exchange
9    for assignment of any rights Herndon may have under the Fireman's policies. FAC ¶¶ 5, 6, 68;
10   Exh. A.
11         Hartford filed its original complaint in the present case against Fireman's and other named
12   and unknown defendants alleging causes of action for: (1) indemnity; (2) contribution; (3)
13   reformation; (4) declaratory judgment; and (5) professional negligence. Dkt. 1. Fireman's moved
14   to dismiss the reformation count on the basis that Hartford lacked standing and failed to allege
15   facts sufficient to state a claim. Dkt. 20 (Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(b)(6)). The
16   Court granted Fireman's motion to dismiss with leave to amend, finding that, while Hartford did
17   have standing to assert a claim of reformation, it failed to allege sufficient facts in support of that
18   claim. Dkt. 34.
19         Hartford subsequently filed its FAC and Fireman's once again filed a motion to dismiss
20   Count 3 in the FAC. Dkt. 37, 38.
21         In the present motion, Fireman's argues that the reformation count in Hartford's FAC fails
22   to allege facts showing how Fireman's issuance of personal lines homeowners insurance policies
23   (as opposed to commercial general liability insurance policies) was a mistake, and what brought
24   that mistake about. Dkt. 38 at 2-4. Fireman's also contends that the reformation count "fails to
25   allege facts excusing [Paul] Owhadi's failure to timely discover the mistake." Dkt. 38 at 7. The
26   Court will consider each of these arguments in turn.
27
28

**LEGAL STANDARD**

For allegations of fraud or mistake, a complaint must meet the heightened pleading standard of Rule 9(b), which requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Fraud or mistake can be averred specifically, or by alleging facts that necessarily constitute fraud, unilateral mistake, or mutual mistake (even if those terms are not explicitly stated). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003). Rule 9(b) is satisfied if the allegations "identif[y] the circumstances constituting fraud (or mistake) so that the defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). "Rule 9(b)'s particularity requirement applies to state-law causes of action." *Vess*, 317 F.3d at 1103.

**DISCUSSION**

Fireman's contends that the FAC does not explain "how or why" Fireman's, or Paul Owhadi, or the two parties together, made the mistake of either purchasing or selling personal lines homeowners insurance policies rather than commercial general liability insurance policies. Dkt. 38 at 1, 5.

The Court's prior order reasoned that a plaintiff's claim of reformation must "allege what the real agreement was, what the agreement as reduced to writing was, and where the writing fails to embody the real agreement." *Lane v. Davis*, 172 Cal. App. 2d 302, 309 (Cal. Ct. App. 1959) (citing *Johnson v. Sun Realty Co.*, 138 Cal. App. 296, 300 (Cal. Ct. App. 1934)). Hartford was also required to allege "facts showing how the mistake was made, whose mistake it was, and what brought it about[.]" *Lane*, 172 Cal. App. 2d at 309. The Court cautioned Hartford to state facts that form the basis of its claim − *i.e.*, fraud, mutual mistake, or unilateral mistake. Dkt. 34 at 7-8.

Hartford seeks reformation of the underlying California insurance contracts. Under California law:

> When, through fraud or a mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised, on the application of a party aggrieved, so as to express that intention, so far as it can be done without prejudice to rights acquired by third persons, in good faith and for value.

Cal. Civ. § 3399.

The complaint first seeks reformation by reason of the parties' mutual mistake, stating that the Fireman's Fund policies "ultimately issued . . . were not based upon the mutual understanding of the parties." FAC ¶ 70. Mutual mistake, however, means "a situation where both parties share the same misconception." *Spiegler v. Home Depot U.S.A., Inc.*, 552 F. Supp. 2d 1036, 1055 (C.D. Cal. 2008) (citing *Renshaw v. Happy Valley Water Co.*, 114 Cal. App. 2d 521, 524 (Cal. Ct. App. 1952)). Nowhere in Hartford's pleading does it aver any facts suggesting that both parties were under a misconception concerning the parties' agreement. This aspect of Hartford's claim for reformation is deficiently pled.

The bulk of Hartford's complaint appears to seek reformation on the basis of a unilateral mistake on Fireman's part. Hartford explains that Fireman's "knew and/or should have known," that the policies were contrary to the parties' agreement and "knew that Herndon, as an LLC, was a business." *See* FAC ¶¶ 73, 74, 76, 79, 80. The complaint continues to recite how, despite this knowledge, Fireman's "mistakenly issued" the policy at issue; or "mistakenly failed to recognize" that Herndon was a business; or "never should have issued" a personal lines homeowners insurance policy; or was "egregiously . . . mistaken" in issuing the policy; or "mistakenly did not list" Herndon as a named insured; or was "mistaken and in error" in including the business pursuits exclusion within the policy; or "mistaken[ly] fail[ed]" to reduce the actual agreement between the parties to accurate writings. *See* FAC ¶¶ 74, 75, 77, 78, 79, 80.

To allege a unilateral mistake pursuant to California Civil Code § 3399, however, Hartford must plead facts sufficient to demonstrate that the other party to the contract, in this case Paul Owhadi, "knew or suspected at the time" of contracting that such mistake occurred. Hartford's pleading is silent on this issue. *See, e.g.*, *Spiegler*, 552 F. Supp. 2d at 1055. If it was Hartford's intention to plead that the mistake was in fact Owhadi's, this claim is insufficiently pled; the complaint does not specify what Owhadi's mistake was or how it occurred. *See Lane*, 172 Cal.

4

App. 2d at 309.

It is unclear from the current complaint whether Hartford intended for fraud to serve as the basis of the underlying action. If so, the Court cautions Hartford that the underlying state cause of action must be plead with sufficient specificity to put Fireman's on notice to answer for this allegation. *Moore*, 885 F.2d at 540. Presently, the complaint merely alleges that Fireman's conduct in this case was "inequitable, mistaken, and erroneous," and that Fireman's "refused and continues to refuse" to modify the insurance policies at issue to reflect the true agreement between Owhadi and Fireman's, despite the fact that it "knew and/or should have known" that the policies were "materially different" from what Paul Owhadi and Fireman's originally agreed to. FAC ¶¶ 73, 74, 79, 80, 81, 82. This is plainly insufficient to support a cause of action for fraud pursuant Rule 9(b)'s heightened pleading requirement.

Fireman's additionally argues that Hartford's complaint fails to allege facts establishing the applicability of the discovery rule. According to Fireman's, because the complaint on its face indicates that the erroneous policies were issued "[i]n or between October and November 2008," FAC ¶ 70, and more than three years have passed pursuant to the applicable California statute of limitations,[1] Hartford has an affirmative duty under California law to plead facts that demonstrate "(1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *NBCUniversal Media, LLC v. Superior Court*, 225 Cal. App. 4th 1222, 1232 (Cal. Ct. App. 2014) (internal quotation marks omitted).

Fireman's is correct. *See Cal. Sansome Co. v. U.S. Gypsum*, 55 F.3d 1402, 1407 (9th Cir. 1995) (recognizing that "plaintiff must allege specific facts establishing the applicability of the discovery-rule exception" under California law, but need not "specifically allege when the cause of action accrued"); *Gallardo v. DiCarlo*, 203 F. Supp. 2d 1160, 1169 n.13 (C.D. Cal. 2002) (refusing to apply the discovery rule because plaintiff failed to plead facts addressing the time and

---

[1] *See* Cal. Code Civ. Proc. § 338(d) (providing that the time for commencement of a civil action "for relief on the ground of fraud or mistake" must be three years; however, "[t]he cause of action . . . is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake.").

manner of discovery and plaintiff's diligence).

Hartford's opposition asserts that it adequately pled May 2013 as the time of discovery because that was the time that Fireman's informed Owhadi and Herndon that it would not provide Herndon coverage under the at-issue policies. Opp'n. at 8-9 (citing FAC ¶ 42-44). But Hartford's complaint merely recites facts on when coverage was denied; the Court will not infer the time and manner of discovery from this alone. *See California Sansome Co.*, 55 F.3d at 1407-08.

The Court is mindful of Federal Rule 15(a)'s policy favoring liberal amendment. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987). The Court will therefore once again permit Hartford to amend its complaint to conform to its order.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendant's motion to dismiss, with leave to amend. Plaintiff may file a Second Amended Complaint no later than November 20, 2015.

**IT IS SO ORDERED**.

Dated: November 2, 2015

SUSAN ILLSTON
United States District Judge