UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>FIREMAN'S FUND INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No. 15-cv-02592-SI<br><br>**ORDER DENYING FIREMAN'S FUND INSURANCE COMPANY'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 43 |

Defendant Fireman's Fund Insurance Company ("Fireman's") moves to dismiss the reformation count ("Count 3") in plaintiff Hartford Casualty Insurance Company's second amended complaint ("SAC"). Dkt. 43. The motion is scheduled to be heard on January 15, 2016. Pursuant to Civil Local Rule 7-1(b), the Court determines this motion is appropriate for resolution without oral argument and **VACATES** the hearing. For the reasons set forth below, the Court **DENIES** Fireman's motion to dismiss Count 3.

## BACKGROUND

The Court set forth a factual background in two prior orders in this case. *See* Dkt. No. 34 at 1-3; Dkt. 41 at 1-2. In brief, Hartford Casualty Insurance Company ("Hartford") and Fireman's together defended their insured, Herndon Partners, LLC, ("Herndon") in a wrongful death lawsuit following an accident at a building site in Malibu. SAC ¶¶ 11-12, 21-31, 38-41. A jury found Herndon solely liable and awarded $14,000,000 in damages to the victim's family; the award was later reduced to $8,800,000. SAC ¶¶ 15, 17.

The original Hartford policies provided for primary coverage up to $2,000,000 and excess coverage up to $1,000,000 and named "California Psychological Institute, Inc." as the insured and

"Herndon Partners, LLC" as the additional insured.  SAC ¶ 21; Ex. A, C.

There were two Fireman's policies:  (1) a policy with a $300,000 liability limit originally held by "Paul Owhadi c/o Herndon Partners LLC," with "Herndon Partners LLC" as an additional named insured; and (2) a policy with a $5,000,000 liability limit originally held by "Paul Owhadi [and] Susan Owhadi[.]"  SAC ¶¶ 25-30.

At the close of the underlying case, Hartford entered into an assignment agreement with Herndon, wherein Hartford agreed to indemnify Herndon for the judgment against it in exchange for assignment of any rights Herndon may have under the Fireman's policies.  SAC ¶¶ 5, 6, 69; Exh. A.

Hartford filed its original complaint in the present case against Fireman's and other named and unknown defendants for various causes of action, among them reformation.  Dkt. 1 at 10.  Fireman's moved to dismiss the reformation count on the basis that Hartford lacked standing and failed to allege facts sufficient to state a claim.  *See* Dkt. 20.  The Court granted Fireman's motion to dismiss with leave to amend, finding that, while Hartford did have standing to assert the reformation claim, it failed to allege sufficient facts in support of that claim.  Dkt. 34 at 7-8.  Specifically, the Court noted that Hartford had insufficiently alleged what the "real agreement was" and on what basis — fraud, mutual mistake, or unilateral mistake — the Fireman's Fund policies did not reflect the real agreement.  Dkt. 34 at 7 (citing *Gillis v. Sun Ins. Office, Ltd.*, 238 Cal. App. 2d 408, 414 (Cal. Ct. App. 1965) ("It is also axiomatic that the court cannot reform and remake a contract for alleged mistake where there was never any such common intent.")).

Hartford subsequently filed its FAC and Fireman's once again filed a motion to dismiss Count 3 in the FAC.  Dkt. 37, 38.  The Court again granted Fireman's motion to dismiss, concluding that Hartford did not state sufficient facts to form the basis of a claim for reformation — *e.g.*, facts constituting fraud, mutual mistake, or unilateral mistake.  Dkt. 41 at 3-5.  In granting Hartford leave to amend, the Court directed Hartford to compare with specificity what the actual agreement between the parties was, what the insurance agreement reduced to a writing was, and how those two differed.  *Id.* at 3 (citing *Lane v. Davis*, 172 Cal. App. 2d 302, 309 (Cal. Ct. App. 1959).  Hartford was required to plead how the alleged mistake was made and what brought it

about. *Id.* (citing *Lane*, 172 Cal. App. 2d at 309).  Hartford was also ordered to plead who made the mistake (Fireman's, Owhadi, or both); and if alleging a unilateral mistake, to state facts demonstrating that the non-mistaken party knew or suspected at the time at the execution of the contract that such a mistake occurred.  *Id.* at 3-4 (citing *Lane*, 172 Cal. App. 2d at 309).  Finally, the Court noted that there was an issue with respect to the statute of limitations:  Hartford had affirmative duty under California's discovery rule to plead facts that demonstrated the time and manner of discovery and the non-mistaken party's inability to have earlier made discovery despite reasonable diligence.  *Id.* at 5 (citing *NBCUniversal Media, LLC v. Superior Court*, 225 Cal. App. 4th 1222, 1232 (Cal. Ct. App. 2014)).

The Court has now reviewed Hartford's reformation claim in the SAC.  While the Court has significant doubts concerning the ultimate viability of this claim, at this stage of litigation, the Court concludes that Hartford has pled sufficient facts to overcome Fireman's motion to dismiss.

## LEGAL STANDARD

For allegations of fraud or mistake, a complaint must meet the heightened pleading standard of Rule 9(b), which requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  Fraud or mistake can be averred specifically, or by alleging facts that necessarily constitute fraud, unilateral mistake, or mutual mistake.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003).  Rule 9(b) is satisfied if the allegations "identif[y] the circumstances constituting fraud (or mistake) so that the defendant can prepare an adequate answer from the allegations."  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). "Rule 9(b)'s particularity requirement applies to state-law causes of action."  *Vess*, 317 F.3d at 1103.

## DISCUSSION

Hartford's reformation count now alleges a unilateral mistake on the part of the homeowner, Paul Owhadi, that Fireman's "knew, suspected, and/or should have known" about.

3

1     *See* SAC ¶ 37, 79-83; *see also* Dkt. 50 at 1.

2          According to Hartford, Owhadi mistakenly thought that he, his wife, and Herndon (his business) should share the same insurance policy. *See* SAC ¶ 72. This mistake came about when Owhadi formed Herndon to hold title to the subject premises. *Id.* According to the complaint, Owhadi mistakenly believed that he could be held personally liable as Herndon's sole owner in the event its corporate form was disregarded. *Id.*

         Hartford claims that the actual agreement between Owhadi and Fireman's was that Fireman's would issue a primary insurance policy and an excess insurance policy to protect *both* Herndon and Owhadi from liability at the subject premises, including bodily injury arising out of business activities. SAC ¶ 74.

         When the agreement was reduced to a writing, however, the Fireman's fund primary policy, while naming Herndon as an insured, contained a business pursuits exclusion. SAC ¶ 85-86. The Fireman's excess policy did not name Herndon as an insured and also contained a business pursuits exclusion. SAC ¶ 92-93.

         The complaint alleges that Fireman's knew or should have known about Owhadi's mistake. Specifically, the complaint states that Fireman's "confirmed its knowledge that Herndon was a business" within the explicit language of the Fireman's primary policy. SAC ¶ 80. Despite this knowledge, Fireman's issued a primary policy with a business pursuits exclusion that provided "illusory" coverage. SAC ¶ 86-88. Hartford alleges that Fireman's "more egregiously" disregarded its knowledge or suspicion that Owhadi intended that Herndon be listed as a named insured on the Fireman's excess policy. SAC ¶ 90, 92. Hartford again complains that Fireman's "inequitable conduct" caused an "illusory" excess insurance policy to be issued that contained a business pursuits exclusion, when Fireman's knew or should have known that Herndon held title to the subject premises. SAC ¶ 72, 93-94.

         While perhaps unartful, Hartford's pleading has complied with the Court's previous order(s). Dkt. 34, 41. It has stated the basis of its reformation claim: unilateral mistake. It has alleged who made the mistake: Paul Owhadi. It has alleged what the mistake was and what brought it about; namely, the belief on Owhadi's part that he required personal homeowner's

insurance to shield him from liability in the event the veil of his corporate entity, Herndon, was pierced. Although not abundantly clear, it appears from the face of the pleading that Hartford alleges that Fireman's knew or suspected that Owhadi intended the coverage to be overlapping, yet Fireman's issued policies that contained business pursuits exclusions and, in the case of the excess insurance, failed to list Herndon as a named insured altogether.

In its present motion, Fireman's complains (1) that Hartford's reformation claim remains void of specific allegations to support fraud or mistake-based claims, and (2) that Hartford's reformation claim makes no sense. Dkt. 52 at 2-7. The Court disagrees with Fireman's first assertion. As to its second assertion, the Court is mindful that motions to dismiss focus on the pleadings' allegations, and examine whether the plaintiff has shown that he could be entitled to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 9(b) is satisfied if the allegations identify the circumstances *constituting* that mistake. *See Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). By contrast, motions for summary judgment focus on the evidence presented (i.e., the material facts), and consider whether the moving party is entitled to relief. *See, e.g.*, Fed. R. Civ. P. 56(c)(1)(B), (e). It simply remains to be seen whether Hartford can legally sustain this allegation over the course of litigation.

Fireman's additionally asserts that Hartford's reformation count fails to allege facts showing that Owhadi could not, despite reasonable diligence, have timely discovered the purported mistake.[1] Dkt. 52 at 11.

California Code of Civil Procedure § 338(d) establishes a three-year statute of limitations for causes of action grounded in fraud or mistake, and provides that "[a]n action for relief on the ground of fraud or mistake . . . is not deemed to have accrued until the discovery, by the aggrieved

---

[1] It appears to the Court that Fireman's is actually arguing that Owhadi made no reasonably diligent efforts to discover this purported mistake, not that Hartford has failed to plead facts in support of this allegation. Fireman's is, of course, free to pursue this defense at summary judgment or at trial. Courts have interpreted the "reasonable diligence" standard to require plaintiffs "to conduct a reasonable investigation *after becoming aware of an injury* . . . [then, they] are charged with knowledge of the information that would have been revealed by such an investigation." *Platt Elec. Supply, Inc. v. EOFF Elec.*, Inc., 522 F.3d 1049, 1054 (9th Cir. 2008) (emphasis added) (citing *Slovensky v. Friedman*, 142 Cal. App. 4th 1518 (Cal. Ct. App. 2006)). In other words, "[s]o long as there is a *reasonable ground for suspicion*, the plaintiff must go out and find the facts; she cannot wait for the facts to find her." *Id.*

5

party, of the facts constituting the fraud or mistake." An injured party "may bring an action based on fraud or mistake more than three years after the transaction if he shows that he did not discover the facts, and could not with reasonable diligence have discovered them, prior to three years before the suit." *Orange Cty. Rock Products Co. v. Cook Bros. Equip. Co.*, 246 Cal. App. 2d 698, 703 (Cal. Ct. App. 1966); *see also NBCUniversal Media, LLC v. Superior Court*, 225 Cal. App. 4th 1222, 1232 (Cal. Ct. App. 2014).

The Court finds that Hartford has pled sufficient facts to explain why Owhadi could not, despite reasonable diligence, have timely discovered the purported mistake. The complaint alleges that Owhadi reasonably believed that the Fireman's primary and excess policies provided liability coverage for bodily injury for him and Herndon. SAC ¶ 100. This reasonable belief, according to Hartford, was based on Fireman's providing Herndon a defense in the wrongful death lawsuit under its primary policy "without reserving any rights as to indemnity" and without "disclos[ing] the existence [of the] Fireman's Fund Excess Policy." *See* SAC ¶ 41, 104, 106. In other words, Hartford alleges that Fireman's behavior contributed to Owhadi not discovering the mistake in his coverage until Fireman's sent the declination letter in May 2013 informing him that it would not provide coverage under the excess policy. *See* SAC ¶ 103-106.

For these purposes, Hartford has cognizably pled the basis upon which it alleges that Owhadi had no reasonable ground for suspicion and could not, despite reasonable diligence, have timely discovered the purported mistake. *See* SAC ¶ 105-106. The Court is aware that Fireman's vigorously contests the substance and merit of this allegation. Again, Fireman's is free to pursue its defense to this claim at summary judgment or trial.

///

///

///

# CONCLUSION

Fireman's motion to dismiss Hartford's reformation claim (Count 3) in its SAC, Dkt. 42, is accordingly **DENIED.**

**IT IS SO ORDERED**.

Dated: January 13, 2016

_____
SUSAN ILLSTON
United States District Judge