United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HARTFORD CASUALTY INSURANCE
COMPANY,

          Plaintiff,

      v.

FIREMAN'S FUND INSURANCE
COMPANY, et al.,

          Defendants.

Case No.  15-cv-02592-SI

**ORDER DENYING BURNS & WILCOX
INSURANCE SERVICES, INC.'S
MOTION TO DISMISS**

Re: Dkt. No. 46

       Defendant Burns & Wilcox Insurance Services, Inc. ("Burns") moves to dismiss the professional negligence count ("Count 5") in plaintiff Hartford Casualty Insurance Company's second amended complaint ("SAC"). Dkt. 46. The motion is scheduled to be heard on January 15, 2016. Pursuant to Civil Local Rule 7-1(b), the Court determines this motion is appropriate for resolution without oral argument and **VACATES** the hearing. For the reasons set forth below, the Court **DENIES** Burns's motion to dismiss Count 5.

**BACKGROUND**

       This order follows from an earlier-issued order. *See* Dkt. 55. The present motion concerns Burns, alleged to be the insurance broker of Herndon Partners, LLC ("Herndon"). SAC ¶ 3-4, 115-121. In the underlying dispute, Hartford Casualty Insurance Company ("Hartford") and Fireman's Fund Insurance Company ("Fireman's") together defended their insured, Herndon, in a wrongful death lawsuit following an accident at a building site in Malibu. SAC ¶¶ 11-12, 21-31, 38-41. A jury found Herndon solely liable and awarded $14,000,000 in damages to the victim's family; the award was later reduced to $8,800,000. SAC ¶¶ 15, 17.

       Hartford is the assignee of Herndon, and has since brought this lawsuit seeking to recover

United States District Court
Northern District of California

1    from both Fireman's and Burns.  SAC ¶ 2, 3, 5.  Hartford named Burns as a defendant only for

2    Count 5 of the SAC:  professional negligence.  SAC ¶ 115-121.

3         In support of this cause of action, Hartford alleges that Burns had a duty to procure and

4    deliver a primary and excess insurance policy from Fireman's Fund that provided coverage for

5    Herndon for bodily injury at the subject property.  SAC ¶ 116.

6         Burns advances an affirmative statute of limitations defense, asserting that this Court

7    should dismiss Count 5 of the SAC because the complaint alleges that Owhadi/Herndon knew by

8    May 29, 2013 that Fireman's was declining coverage under its excess policy.  Dkt. 46 at 3-4.

9    Burns contends that it should be dismissed from this case because a two-year statute of limitations

10   governs claims for professional negligence in California, and Hartford filed its original complaint

11   on June 10, 2015 — over two years after Owhadi/Herndon discovered that Burns did not obtain

12   the insurance coverage Herndon purportedly sought.  *Id.*

13        Hartford counters that the statute of limitations did not accrue until either the initial or final

14   judgment was entered in the underlying case, on June 12, 2013 or September 11, 2013,

15   respectively.  Dkt. 49 at 1.

16        Burns advances a new theory in its reply brief, asserting that Hartford could have filed a

17   cause of action against Burns on May 30, 2013, when the jury issued a verdict finding Herndon

18   solely liable and awarding $14 million dollars in damages.  Dkt. 51 at 2.

19        A statute of limitations defense, if "apparent from the face of the complaint," may properly

20   be raised in a motion to dismiss.  *Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC*, 733

21   F.3d 1251, 1254 (9th Cir. 2013).  The parties have amply demonstrated in their motions that this

22   defense is *not* apparent on the face of this complaint.  Rather, factual disputes concerning

23   competing dates reveal the premature nature of this defense.  The motion is therefore denied.

24

25                                   **LEGAL STANDARD**

26        Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint

27   if it fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to

28   dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its

United States District Court
Northern District of California

1   face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard

2   requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant

3   has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must assume that

4   the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor.

5   *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987). As a general rule, the Court may not

6   consider materials beyond the pleadings when ruling on a Rule 12(b)(6) motion. *Lee v. City of*

7   *L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).

8

9                                    **DISCUSSION**

10          A professional negligence claim is governed by the two-year statute of limitations

11   established in California Code of Civil Procedure § 339. The statute of limitations begins to run

12   "after the cause of action [has] accrued." Cal. Civ. Proc. Code § 312.   "A cause of action for

13   professional negligence does not accrue until the plaintiff (1) sustains damage and (2) discovers,

14   or should discover, the negligence." *Hydro-Mill Co. v. Hayward, Tilton & Rolapp Ins. Associates,*

15   *Inc.*, 115 Cal. App. 4th 1145, 1161 (2004). "By making a pretrial motion to dismiss on the ground

16   of the statute of limitations, [a] defendant seeks to prove that there is no factual dispute concerning

17   this question and thus a full trial on the merits of the charges should be avoided." *People v. Lopez*,

18   52 Cal. App. 4th 233, 250-51 (Cal. 1997).

19          As explained above, the parties dispute the date when Hartford, as the assignee of

20   Herndon, experienced "damage" and when Hartford, as the assignee of Herndon, discovered — or

21   reasonably should have discovered — the purported professional negligence of Burns. A fuller

22   factual record is necessary to allow determination of the legal basis upon which this Court can

23   rule. The Court will not rule at this stage of litigation that the SAC on its face warrants dismissing

24   Burns from the case.

25

26   ///

27   ///

28   ///

                                                3

1

2

3

4

5

6

7

8

9

10

11

United States District Court
Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

Burns's motion to dismiss Hartford's negligence claim (Count 5) in its SAC, Dkt. 42, is accordingly **DENIED.**

**IT IS SO ORDERED**.

Dated:  January 13, 2016

SUSAN ILLSTON
United States District Judge

4