1
2
3
4
5
6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY, an Indiana Corporation,<br><br>　　　　Plaintiff,<br>　v.<br><br>FIREMAN'S FUND INSURANCE COMPANY, a California Corporation; BURNS & WILCOX INSURANCE SERVICES, INC., a California Corporation; and DOES 1 to 50,<br><br>　　　　Defendants.<br><br>BURNS & WILCOX INSURANCE SERVICES, a California Corporation,<br><br>　　　　Cross-Complainant,<br>　v.<br><br>MALIBU PACIFIC INSURANCE AGENCY, INC., and ROES 1-100, inclusive,<br><br>　　　　Cross-Defendants | CASE NO.: 3:15-cv-02592-SI<br><br>**JOINT STATEMENT REGARDING CROSS-DEFENDANT MOSEN O'HADI'S REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED ON DEFENDANT FIREMAN'S FUND INSURANCE COMPANY**<br><br>Honorable Susan Illston<br><br>Complaint Filed:　　June 10, 2015<br><br>Trial Date:　　November 14, 2016 |

1     Pursuant to the Standing Order of the Honorable Susan Illston regarding Discovery Disputes, Cross-Defendant MOSEN O'HADI ("O'Hadi") and Defendant FIREMAN'S FUND INSURANCE COMPANY ("Fireman's Fund") submit this Joint Statement regarding their dispute pertaining to Fireman's Fund's Responses to O'Hadi's Request for Production of Documents, Set One ("RFPD").

## NATURE OF DISPUTE

**Issue**: Whether Fireman's Fund is required to comply with O'Hadi's RFPD Request No. 1, which requests "A complete copy of the claims file for claim no. 00510803190. (The claims file pertains to a claim for coverage filed by Herndon Partners, LLC, and/or Paul Owhadi, regarding the death of Francisco Martinez Moreno at the home located at 31522 Broad Beach Road, Malibu, CA, in or about September 2009, and the subsequent wrongful death lawsuit filed by Mr. Moreno's family, Fresno County Superior Court Case No. 10CECG03837.)"

**O'Hadi's Position**: Fireman's Fund should produce the subject claims file because it contains not only relevant information, but critical documentation necessary to the claims and defenses in this case.

    Specifically, plaintiff Hartford Casualty Insurance Company ("Hartford"), as assignee of Herndon Partners, LLC's ("Herndon") complaint against Fireman's Fund is based on Fireman's Fund's decision to decline coverage to Herndon in connection with a wrongful death lawsuit brought against Herndon by Francisco Martinez Moreno's family in Fresno County Superior Court.

    Fireman's Fund had issued primary and excess policies with liability coverages totaling $5.3 million, which Herndon sought defense and indemnification in the wrongful death lawsuit. Fireman's Fund ultimately declined coverage under the policies. The claims file associated with these Fireman's Fund policies undoubtedly contains information relevant to determining coverage as well as the reasoning behind the insurer's coverage decision. This information is relevant, as the central issue in this case is whether Herndon was ever entitled to coverage from Fireman's Fund.

    Additionally, should Fireman's Fund's decision to deny coverage to Herndon be correct,

1  Hartford has also alleged a professional negligence claim against the insurance broker, Burns &
2  Wilcox Insurance Services, Inc. ("Burns & Wilcox"), based upon its failure to procure an
3  insurance policy which would have provided liability coverage to Herndon as raised in the
4  wrongful death action.  In response, Burns & Willcox has filed a cross-complaint against Mosen
5  O'Hadi for declaratory relief and indemnity, asserting that its negligence in the procurement of the
6  policy, if any, was caused by acts or omissions of Mr. O'Hadi.
7       Therefore, the central issue in this case is whether Herndon is entitled to coverage from
8  Fireman's Fund.  If Fireman's Fund is incorrect in its declination of coverage, then there can be no
9  negligence against the agents and brokers of Herndon regarding the procurement of coverage.
10      **Fireman's Fund's Position**:  O'Hadi has been sued regarding a reformation and
11 professional negligence action for allegedly procuring homeowners insurance rather than
12 commercial general liability insurance.  Neither claims handling nor policy interpretation is at
13 issue.  Therefore, O'Hadi is not entitled to Fireman's Fund's claims file for two reasons:  (1) The
14 claims file is not relevant to this action; and (2) a request for the entire claims file is not
15 proportional to the needs of the case.  See Fed. Rule Civ. Proc. 26(b)(1).
16      First, O'Hadi has not and cannot establish any relevance between Fireman's Fund's claims
17 file and the claims and defenses at issue in the current action.  This action is essentially one for
18 reformation, centering on Plaintiff Hartford's contention that the subject Fireman's Fund
19 homeowners policies should be re-written to transform them into commercial general liability
20 policies.  The documents relevant to this action are contained in Fireman's Fund's underwriting
21 file, which Fireman's Fund produced.  Fireman's Fund's claims file, which was generated three
22 years after the homeowners policy was purchased, has no bearing on this reformation action, as
23 Fireman's Fund's adjustment of the claims is not at issue.  There is no dispute that the policies as
24 written do not provide coverage to Herndon for the underlying claims – that is the very reason
25 Hartford has brought this reformation action to re-write the policies.  As such, there is no issue as
26 to Fireman's Fund's claims handling or policy interpretation.  Nonetheless, O'Hadi attempts to
27 create relevancy where none exists by reframing what this case is fundamentally about.  O'Hadi
28 tries to establish a connection between policy procurement in 2008 and claim handling in 2011 by

1  an unsupported and conclusory assertion that the requested claims file "undoubtedly contains
2  information relevant to determining coverage as well as the reasoning behind the insurer's
3  coverage decision."  Again, neither of these issues is part of the current dispute.  This is not an
4  action about the reasoning of Fireman's Fund's coverage determination; it is an action to re-write
5  the Fireman's Fund policies from homeowners policies to commercial general liability policies.
6  As such, Fireman's Fund's claims file simply has no bearing on this action and is totally
7  irrelevant.  It bears noting that even Plaintiff Hartford has not requested Fireman's Fund's claims
8  file.

9        Tellingly, O'Hadi fails to explain how the claims file he seeks from Fireman's Fund is in
10 any way relevant to his specific defenses to the Burns & Wilcox cross-complaint.  The party
11 seeking discovery bears the burden of meeting a threshold of relevance.  *Johnson v. Northwest*
12 *Airlines, Inc.*, 2009 WL 839044, * 2 (N.D. Cal.).  Specifically, "litigants seeking to compel
13 discovery must describe with a reasonable degree of specificity the information they hope to
14 obtain and its importance to their case."  *Id*.  (internal quotes and citation omitted).  Here, O'Hadi
15 fails to make any connection between the sought after claims file and O'Hadi's defenses to the
16 cross-complaint because no such connection exists.  O'Hadi (presumably) will contend that he
17 acted properly in obtaining insurance on behalf of the insured, and was not negligent in the
18 procuring homeowners policies.  Again, Fireman's Fund's documents relevant to the procurement
19 of the policies are contained in Fireman's Fund's underwriting file, which Fireman's Fund
20 produced.  In contrast, Fireman's Fund's claims file, which contains documents concerning the
21 adjustment of the underlying claim years after the policies were procured, can have no bearing on
22 and are totally irrelevant to O'Hadi's defenses of his alleged negligence in procuring the policies.

23       Second, O'Hadi has failed to show that his request for the "complete copy of the claims
24 file" is proportional to the needs of the case.  In meet and confer, O'Hadi asserted that "the
25 discovery of the claim file is proportional to the needs of the case as this case directly involves
26 Fireman's Fund insurance policies."  This is an assertion devoid of any meaningful content, as
27 Fireman's Fund pointed out to O'Hadi.  The substance of this case is the contention that the
28 insured was supplied the wrong type of policies and that the policies should be reformed.  The

3
JOINT STATEMENT RE: O'HADI'S RFPD, SET ONE                                    CASE NO. 3:15-CV-02592-SI
TO FIREMAN'S FUND

needs of the case have nothing to do with Firemen's Fund's claim file.

**STATUS OF DISPUTE**

On or about January 20, 2016, O'Hadi served Fireman's Fund with O'Hadi's RFPD, Set One. Request No. 1 sought production of the subject claims file. A true and correct copy of O'Hadi's RFPD, Set One, to Fireman's Fund is attached as **Exhibit A**. On or about February 22, 2016, Fireman's Fund responded to O'Hadi's RFPD, Set One. Fireman's Fund objected to Request No. 1 as not relevant or proportional to the needs of this case. Fireman's Fund further objected "to the extent that the request seeks documents subject to the attorney-client privilege, attorney work-product, privacy, trade secret, proprietary, confidentiality, litigation, mediation and/or other applicable privileges, or that are immune from disclosure." A true and correct copy of Fireman's Fund's Responses to O'Hadi's RFPD, Set One, is attached as **Exhibit B**.

On March 1, 2016, O'Hadi sent a meet and confer letter to Fireman's Fund. O'Hadi explained that the claims file is relevant to the case as it details Fireman's Fund's adjustment of the claim and, more importantly, its ultimate decision to deny coverage. On March 10, 2016, Fireman's Fund responded to the March 1, 2016 meet and confer letter. Fireman's Fund declined to produce the claims file by objecting, among other things, that O'Hadi's request for Fireman's Fund's complete claims file: (1) is not relevant to the claims and defenses asserted in the action, as this is a reformation action, not a coverage dispute regarding claims handling or policy interpretation, and (2) is not proportional to the needs of this case.

On March 21, 2016, O'Hadi responded to Fireman's Fund's March 10, 2016 letter. First, O'Hadi explained that the claims file undoubtedly contains information relevant to determining coverage since this case centers on whether Herndon Partners, LLC is entitled to coverage under Fireman's Fund's Primary and Excess policies. Second, O'Hadi explained that the claims file relates to claims and defenses of various parties in this case. Third, O'Hadi noted that a claims file generally indicates the reasoning for the insurer's coverage decision, which is relevant because this lawsuit arises from Fireman's Fund's decision to decline coverage to Herndon Partners, LLC, and discovery of the claims file will establish why Fireman's Fund ultimately decided to decline coverage. Lastly, O'Hadi explained the discovery of the claims file is proportional to the needs of

1  this case as this case directly involves Fireman's Fund's insurance policies.

2  On April 12, 2016, Fireman's Fund responded to O'Hadi's March 21, 2016 meet and confer letter. Fireman's Fund continued to assert that the claims file was not subject to discovery in this matter, pointing out that O'Hadi was mis-characterizing the nature of the case in effort to establish relevancy, where none exists. The case is not about "whether Herndon Partners, LLC is entitled to coverage under Fireman's Fund's Primary and Excess policies," but whether these policies should be re-written from homeowners policies to commercial general liability policies. Nor is the case about "why Fireman's Fund ultimately decided to decline coverage." There is no dispute over Fireman's Fund's interpretation of its homeowners policies. Fireman's Fund also pointed out that O'Hadi failed to show how the claims file documents were in any way relevant to O'Hadi's defenses to Burns & Wilcox's cross-complaint, given that the claims file was created years after O'Hadi allegedly negligently procured the policies. Lastly, Fireman's Fund pointed out that O'Hadi failed to show how its request for the complete claims file was proportional to the needs of the case given that the case was a reformation action, that had no relevance to Fireman's Fund's adjustment of the underlying claim, or its interpretation of Fireman's Fund's homeowners policies.

Dated: April 26, 2016   HANSEN, KOHLS, SOMMER & JACOB, LLP

By: /s/ Bret N. Batchman
Christine E. Jacob
Bret N. Batchman
Dacia J. Anderson
Attorneys for Cross-Defendant
MOSEN O'HADI

Dated: April 26, 2016   MORALES FIERRO & REEVES

By: /s/ Laurence Near
Ramiro Morales
Laurence Near
Attorneys for Defendant
FIREMAN'S FUND INSURANCE CO.