1  RAMIRO MORALES [Bar No.: 167947]
   LAURENCE NEAR [Bar No.: 178507]
2  MORALES FIERRO & REEVES
   2300 Contra Costa Blvd., Suite 310
3  Pleasant Hill, CA  94523
   Telephone:  (925) 288-1776
4  Facsimile:   (925) 288-1856

5  Attorneys for Defendant
   FIREMAN'S FUND INSURANCE COMPANY
6

7

8

9               UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11

12 HARTFORD CASUALTY INSURANCE          ) CASE NO.: 3:15-cv-02592-SI
   COMPANY, an Indiana Corporation,     )
13                                      ) **DEFENDANT FIREMAN'S FUND
              Plaintiff,                ) INSURANCE COMPANY'S RESPONSE
14    v.                                ) TO MOSEN O'HADI'S REQUEST FOR
                                        ) PRODUCTION OF DOCUMENTS, SET
15 FIREMAN'S FUND INSURANCE             ) ONE**
   COMPANY, a California Corporation;   )
16 BURNS & WILCOX INSURANCE             ) Hon. Susan Illston
   SERVICES, INC., a California Corporation; )
17 and DOES 1 to 50,                    ) Action Filed: June 10, 2015
                                        ) Trial:  November 14, 2016
18            Defendants.               )
                                        )
19 ─────────────────────────────────────)
                                        )
20 BURNS & WILCOX INSURANCE             )
   SERVICES, a California Corporation,  )
21                                      )
              Cross-Complainant,        )
22                                      )
      v.                                )
23                                      )
   MALIBU PACIFIC INSURANCE AGENCY, )
24 INC., and ROES 1-100, inclusive,     )
                                        )
25            Cross-Defendants          )
                                        )
26

27          **EXHIBIT B TO JOINT STATEMENT - PAGE 1 OF 14**

28

FIREMAN'S FUND'S RESPONSE TO                              Case No.: 3:15-cv-02592-SI
O'HADI REQUEST FOR PRODUCTION, SET ONE

| | | |
|---|---|---|
| 1 | **PROPOUNDING PARTY:** | Cross-Defendant MOSEN O'HADI |
| 2 | **RESPONDING PARTY:** | Defendant FIREMAN'S FUND INSURANCE |
| 3 | | COMPANY |
| 4 | **SET NO.:** | ONE (1) |

5   Defendant Fireman's Fund Insurance Company ("Fireman's Fund") responds to Cross-
6   defendant Mosen O'Hadi's ("Cross-defendant") Request for Production of Documents, Set One,
7   as follows:

## I.   GENERAL RESPONSE

Discovery in this action is continuing and Fireman's Fund has not completed its own investigation into either this case generally or the matters related to this request for production of documents specifically. Fireman's Fund therefore reserves its right to make changes in these responses if it appears that omissions or errors have been made in them or that further and more accurate information is available. The following responses and objections state Fireman's Fund knowledge, information, and belief as of the date of such responses and objections, and Fireman's Fund expressly reserves the right to rely upon and/or introduce into evidence at trial such additional information or facts as it may discover hereafter. Further, Fireman's Fund reserves the right to submit additional objections to these document requests or any other document requests. Fireman's Fund reserves the right to change any and all responses herein as additional facts and further information are obtained, new analyses are made, and legal research is completed. Fireman's Fund objects to each and every document request to the extent that it purports to require Fireman's Fund to provide information that is not reasonably available to Fireman's Fund through reasonable and good faith inquiry into its records or the knowledge of its employees. Fireman's Fund does not by any objection to any document request admit to the accuracy of any factual matter asserted in the text of any such document request. Fireman's Fund makes the following responses without waiving its right to produce evidence at trial of any subsequently ascertained facts.

Fireman's Fund objects to these requests to the extent they seek information beyond the scope of discovery authorized by the Federal Rules of Civil Procedure.

1   Fireman's Fund objects to the document requests to the extent that they seek production of
2   information and documents subject to, without limitation, the attorney-client privilege, the
3   attorney work-product doctrine and other applicable privileges and protections.
4   Fireman's Fund objects to these requests to the extent they seek privileged or confidential
5   information encompassed by privacy, trade secret or proprietary information privilege,
6   confidentiality, litigation privilege, or any other applicable privilege or immunity from disclosure.
7   Fireman's Fund objects to each request to the extent it is overly broad, unduly burdensome
8   or oppressive.
9   Fireman's Fund does not concede the relevance or the materiality of any information
10  requested or provided or of the subject matter to which such information refers. Fireman's Fund's
11  responses are made subject to and without waiving any questions or objections as to the
12  competency, relevance, materiality or admissibility as evidence or for any other purpose, of any of
13  the information or documents referred to herein, or of the subject matter thereof, in any
14  proceeding, including the trial of this action or any other action. Fireman's Fund will produce
15  copies of the documents identified in these responses at a mutually agreeable time and location.
16  These general objections are hereby incorporated into each of the specific responses made
17  herein. Notwithstanding the specific responses to any of the requests, Fireman's Fund does not
18  waive any of the objections made herein.

## RESPONSES TO REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

A complete copy of the claims file for claim no. 00510803190. (The claims file pertains to a claim for coverage filed by Herndon Partners, LLC, and/or Paul Owhadi, regarding the death of Francisco Martinez Moreno at the home located at 31522 Broad Beach Road, Malibu, CA, in or about September 2009, and the subsequent wrongful death lawsuit filed by Mr. Moreno's family, Fresno County Superior Court Case No. 1 OCECG03837.)

**RESPONSE TO REQUEST NO. 1:**

Fireman's Fund objects that the claim file is not relevant to Cross-defendant's claims or defenses and not proportional to the needs of the case. Fireman's Fund objects to the extent that

the request seeks documents subject to the attorney-client privilege, attorney work-product, privacy, trade secret, proprietary, confidentiality, litigation, mediation and/or other applicable privileges, or that are immune from disclosure.

**REQUEST FOR PRODUCTION NO. 2:**

A complete copy of the underwriting file pertaining to FIREMAN'S FUND PRIMARY POLICY at issue in this litigation.

**RESPONSE TO REQUEST NO. 2:**

Fireman's Fund objects to this request to the extent that it seeks documents subject to the attorney-client privilege, attorney work-product, privacy, trade secret, proprietary, confidentiality, litigation, mediation and/or other applicable privileges, or that are immune from disclosure.

Subject to and without waiving the foregoing objections, Fireman's Fund responds that relevant, applicable, non-privileged documents responsive to this request for production, if any, will be produced.

**REQUEST FOR PRODUCTION NO. 3:**

A complete copy of the underwriting file pertaining to FIREMAN'S FUND EXCESS POLICY at issue in this litigation.

**RESPONSE TO REQUEST NO. 3:**

Fireman's Fund objects to this request to the extent that it seeks documents subject to the attorney-client privilege, attorney work-product, privacy, trade secret, proprietary, confidentiality, litigation, mediation and/or other applicable privileges, or that are immune from disclosure.

Subject to and without waiving the foregoing objections, Fireman's Fund responds that relevant, applicable, non-privileged documents responsive to this request for production, if any, will be produced.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all DOCUMENTS that evidence or reflect COMMUNICATIONS between YOU and Burns & Wilcox Insurance Services, Inc., regarding the procurement of insurance of the FIREMAN'S FUND PRIMARY POLICY.

///

1 **RESPONSE TO REQUEST NO. 4:**

2     Fireman's Fund objects that the request is vague and ambiguous with respect to the word "procurement." Fireman's Fund objects to this request to the extent that it seeks documents subject to the attorney-client privilege, attorney work-product, privacy, trade secret, proprietary, confidentiality, litigation, mediation and/or other applicable privileges, or that are immune from disclosure.

7     Subject to and without waiving the foregoing objections, Fireman's Fund responds that relevant, applicable, non-privileged documents responsive to this request for production, if any, will be produced.

10 **REQUEST FOR PRODUCTION NO. 5:**

11     Any and all DOCUMENTS that evidence or reflect COMMUNICATIONS between YOU and Burns & Wilcox Insurance Services, Inc., regarding the procurement of insurance of the FIREMAN'S FUND EXCESS POLICY.

14 **RESPONSE TO REQUEST NO. 5:**

15     Fireman's Fund objects that the request is vague and ambiguous with respect to the word "procurement." Fireman's Fund objects to this request to the extent that it seeks documents subject to the attorney-client privilege, attorney work-product, privacy, trade secret, proprietary, confidentiality, litigation, mediation and/or other applicable privileges, or that are immune from disclosure.

20     Subject to and without waiving the foregoing objections, Fireman's Fund responds that relevant, applicable, non-privileged documents responsive to this request for production, if any, will be produced.

23 **REQUEST FOR PRODUCTION NO. 6:**

24     Any and all DOCUMENTS that evidence or reflect COMMUNICATIONS between YOU and Mosen O'Hadi and/or Malibu Coastal Insurance Services regarding the procurement of insurance of the FIREMAN'S FUND PRIMARY POLICY.

27 ///

28 ///

**RESPONSE TO REQUEST NO. 6:**

Fireman's Fund objects that the request is vague and ambiguous with respect to the word "procurement." Fireman's Fund objects to this request to the extent that it seeks documents subject to the attorney-client privilege, attorney work-product, privacy, trade secret, proprietary, confidentiality, litigation, mediation and/or other applicable privileges, or that are immune from disclosure.

Subject to and without waiving the foregoing objections, Fireman's Fund responds as follows: Fireman's Fund is currently unaware of any documents in its possession, custody, or control, responsive to this request. Discovery is continuing. Fireman's Fund reserves the right to amend this response.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all DOCUMENTS that evidence or reflect COMMUNICATIONS between YOU and Mosen O'Hadi and/or Malibu Coastal Insurance Services regarding the procurement of insurance of the FIREMAN'S FUND EXCESS POLICY.

**RESPONSE TO REQUEST NO. 7:**

Fireman's Fund objects that the request is vague and ambiguous with respect to the word "procurement". Fireman's Fund objects to this request to the extent that it seeks documents subject to the attorney-client privilege, attorney work-product, privacy, trade secret, proprietary, confidentiality, litigation, mediation and/or other applicable privileges, or that are immune from disclosure.

Subject to and without waiving the foregoing objections, Fireman's Fund responds as follows: Fireman's Fund is currently unaware of any documents in its possession, custody, or control, responsive to this request. Discovery is continuing. Fireman's Fund reserves the right to amend this response.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all DOCUMENTS that evidence or reflect COMMUNICATIONS between YOU and Paul Owhadi and/or Herndon Partners, LLC, regarding the FIREMAN'S FUND PRIMARY POLICY at any time, including but not limited to, any declination letters.

**RESPONSE TO REQUEST NO. 8:**

Fireman's Fund objects to this request to the extent that it seeks documents subject to the attorney-client privilege, attorney work-product, privacy, trade secret, proprietary, confidentiality, litigation, mediation and/or other applicable privileges, or that are immune from disclosure.

Subject to and without waiving the foregoing objections, Fireman's Fund responds that relevant, applicable, non-privileged documents responsive to this request for production, if any, will be produced.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all DOCUMENTS that evidence or reflect COMMUNICATIONS between YOU and Paul Owhadi and/or Herndon Partners, LLC, regarding the FIREMAN'S FUND EXCESS POLICY at any time, including but not limited to, any declination letters.

**RESPONSE TO REQUEST NO. 9:**

Fireman's Fund objects to this request to the extent that it seeks documents subject to the attorney-client privilege, attorney work-product, privacy, trade secret, proprietary, confidentiality, litigation, mediation and/or other applicable privileges, or that are immune from disclosure.

Subject to and without waiving the foregoing objections, Fireman's Fund responds that relevant, applicable, non-privileged documents responsive to this request for production, if any, will be produced.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all DOCUMENTS that evidence or reflect COMMUNICATIONS between YOU and Paul Owhadi and/or Herndon Partners, LLC, regarding the residence located at 31522 Broad Beach Road, Malibu, CA 90265.

**RESPONSE TO REQUEST NO. 10:**

Fireman's Fund objects to this request to the extent that it seeks documents subject to the attorney-client privilege, attorney work-product, privacy, trade secret, proprietary, confidentiality, litigation, mediation and/or other applicable privileges, or that are immune from disclosure.

Subject to and without waiving the foregoing objections, Fireman's Fund responds that

1 relevant, applicable, non-privileged documents responsive to this request for production, if any,
2 will be produced.
3 **REQUEST FOR PRODUCTION NO. 11:**
4     A certified copy of the FIREMAN'S FUND PRIMARY POLICY.
5 **RESPONSE TO REQUEST NO. 11:**
6     Relevant, applicable, non-privileged documents responsive to this request for production,
7 if any, will be produced.
8 **REQUEST FOR PRODUCTION NO. 12:**
9     A certified copy of the FIREMAN'S FUND EXCESS POLICY.
10 **RESPONSE TO REQUEST NO. 12:**
11     Relevant, applicable, non-privileged documents responsive to this request for production,
12 if any, will be produced.
13 **REQUEST FOR PRODUCTION NO. 13:**
14     Any and all DOCUMENTS that evidence or reflect COMMUNICATIONS between YOU
15 and Hartford Casualty Insurance Company regarding the residence located at 31522 Broad Beach
16 Road, Malibu, CA 90265, at any time.
17 **RESPONSE TO REQUEST NO. 13:**
18     Fireman's Fund objects to this request to the extent that it seeks documents subject to the
19 attorney-client privilege, attorney work-product, privacy, trade secret, proprietary, confidentiality,
20 litigation, mediation and/or other applicable privileges, or that are immune from disclosure.
21     Subject to and without waiving the foregoing objections, Fireman's Fund responds that
22 relevant, applicable, non-privileged documents responsive to this request for production, if any,
23 will be produced.
24 **REQUEST FOR PRODUCTION NO. 14:**
25     Any and all DOCUMENTS that evidence or reflect COMMUNICATIONS between YOU
26 and Hartford Casualty Insurance Company regarding the FIREMAN'S FUND PRIMARY
27 POLICY.
28 ///

**RESPONSE TO REQUEST NO. 14:**

Fireman's Fund objects to this request to the extent that it seeks documents subject to the attorney-client privilege, attorney work-product, privacy, trade secret, proprietary, confidentiality, litigation, mediation and/or other applicable privileges, or that are immune from disclosure.

Subject to and without waiving the foregoing objections, Fireman's Fund responds that relevant, applicable, non-privileged documents responsive to this request for production, if any, will be produced.

**REQUEST FOR PRODUCTION NO. 15:**

Any and all DOCUMENTS that evidence or reflect COMMUNICATIONS between YOU and Hartford Casualty Insurance Company regarding the FIREMAN'S FUND EXCESS POLICY.

**RESPONSE TO REQUEST NO. 15:**

Fireman's Fund objects to this request to the extent that it seeks documents subject to the attorney-client privilege, attorney work-product, privacy, trade secret, proprietary, confidentiality, litigation, mediation and/or other applicable privileges, or that are immune from disclosure.

Subject to and without waiving the foregoing objections, Fireman's Fund responds that relevant, applicable, non-privileged documents responsive to this request for production, if any, will be produced.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all DOCUMENTS that evidence or reflect COMMUNICATIONS between YOU and Hartford Casualty Insurance Company regarding *Consuelo Martinez v. Herndon Partners, LLC, et al.*, Fresno County Superior Court Case No. 10 CE CG 03837.

**RESPONSE TO REQUEST NO. 16:**

Fireman's Fund objects to this request to the extent that it seeks documents subject to the attorney-client privilege, attorney work-product, privacy, trade secret, proprietary, confidentiality, litigation, mediation and/or other applicable privileges, or that are immune from disclosure.

Subject to and without waiving the foregoing objections, Fireman's Fund responds that relevant, applicable, non-privileged documents responsive to this request for production, if any, will be produced.

8

FIREMAN'S FUND'S RESPONSE TO
O'HADI REQUEST FOR PRODUCTION, SET ONE

CASE NO. 3:15-CV-02592-SI

EXHIBIT B TO JOINT STATEMENT - PAGE 9 OF 14

**REQUEST FOR PRODUCTION NO. 17:**

Any and all DOCUMENTS that evidence or reflect COMMUNICATIONS YOU received on behalf of Paul Owhadi and/or Herndon Partners, LLC, from the plaintiffs in the action entitled *Consuelo Martinez v. Herndon Partners, LLC, et al.*, Fresno County Superior Court Case No. 10 CE CG 03837, including any settlement communications.

**RESPONSE TO REQUEST NO. 17:**

Fireman's Fund objects to this request to the extent that it seeks documents subject to the attorney-client privilege, attorney work-product, privacy, trade secret, proprietary, confidentiality, litigation, mediation and/or other applicable privileges, or that are immune from disclosure.

Subject to and without waiving the foregoing objections, Fireman's Fund responds as follows: Fireman's Fund is currently unaware of any documents in its possession, custody, or control, responsive to this request. Discovery is continuing. Fireman's Fund reserves the right to amend this response.

**REQUEST FOR PRODUCTION NO. 18:**

Any and all DOCUMENTS that evidence or reflect the pleadings filed by the parties in *Consuelo Martinez v. Herndon Partners, LLC*, et al., Fresno County Superior Court Case No. 10 CE CG 03837.

**RESPONSE TO REQUEST NO. 18:**

Fireman's Fund objects that the requested documents are equally available to Cross-Defendant.

**REQUEST FOR PRODUCTION NO. 19:**

Any and all DOCUMENTS that evidence or reflect the parties' written discovery and responses thereto in *Consuelo Martinez v. Herndon Partners, LLC*, et al., Fresno County Superior Court Case No. 10 CE CG 03837.

**RESPONSE TO REQUEST NO. 19:**

Fireman's Fund responds that relevant, applicable, non-privileged documents responsive to this request for production, if any, and in Fireman's Fund possession, custody, or control, will be produced.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all transcripts of depositions taken in *Consuelo Martinez v. Herndon Partners, LLC*, et al., Fresno County Superior Court Case No. 10 CE CG 03837.

**RESPONSE TO REQUEST NO. 20:**

Fireman's Fund objects that the requested documents are equally available to Cross-Defendant.

**REQUEST FOR PRODUCTION NO. 21:**

Any and all DOCUMENTS that evidence or reflect the reports of any experts retained by any party in *Consuelo Martinez v. Herndon Partners, LLC, et al.*, Fresno County Superior Court Case No. 10 CE CG 03837.

**RESPONSE TO REQUEST NO. 21:**

Fireman's Fund responds that relevant, applicable, non-privileged documents responsive to this request for production, if any, and in Fireman's Fund possession, custody, or control, will be produced.

**REQUEST FOR PRODUCTION NO. 22:**

Any and all DOCUMENTS which support YOUR affirmative defenses to Hartford Casualty Insurance Company's allegation against YOU raised in its COMPLAINT.

**RESPONSE TO REQUEST NO. 22:**

Fireman's Fund objects that the request violates the duty to state discovery requests with reasonable particularity. Fireman's Fund objects to the extent that the request seeks documents subject to the attorney-client privilege, attorney work-product, privacy, trade secret, proprietary, confidentiality, litigation, mediation and/or other applicable privileges, or that are immune from disclosure. Fireman's Fund objects that it asserted its affirmative defenses to preserve its rights.

**REQUEST FOR PRODUCTION NO. 23:**

Any and all DOCUMENTS which evidence or reflect any declination letters YOU sent to Herndon Partners, LLC, and/or Paul Owhadi regarding Claim No. 00510803190. (The claim is in regards to coverage after the death of Francisco Martinez Moreno at the home located at 31522 Broad Beach Road, Malibu, CA, in or about September 2009, and the subsequent

1  wrongful death lawsuit filed by Mr. Moreno's family, Fresno County Superior Court Case
2  No. 1 OCECG03837.)

**RESPONSE TO REQUEST NO. 23:**

Fireman's Fund objects to the extent that the request seeks documents subject to the attorney-client privilege, attorney work-product, privacy, trade secret, proprietary, confidentiality, litigation, mediation and/or other applicable privileges, or that are immune from disclosure.

Subject to and without waiving the foregoing objections, Fireman's Fund responds that relevant, applicable, non-privileged documents responsive to this request for production, if any, will be produced.

**REQUEST FOR PRODUCTION NO. 24:**

Any and all DOCUMENTS which evidence or reflect any reservation of rights letters YOU sent to Herndon Partners, LLC, and/or Paul Owhadi regarding Claim No. 00510803190.

**RESPONSE TO REQUEST NO. 24:**

Fireman's Fund objects to the extent that the request seeks documents subject to the attorney-client privilege, attorney work-product, privacy, trade secret, proprietary, confidentiality, litigation, mediation and/or other applicable privileges, or that are immune from disclosure.

Subject to and without waiving the foregoing objections, Fireman's Fund responds that relevant, applicable, non-privileged documents responsive to this request for production, if any, will be produced.

**REQUEST FOR PRODUCTION NO. 25:**

Any and all DOCUMENTS that evidence or reflect COMMUNICATIONS between YOU and anyone regarding the residence located at 31522 Broad Beach Road, Malibu, CA 90265.

**RESPONSE TO REQUEST NO. 25:**

Fireman's Fund objects that this request is overly broad. The request encompasses innumerable communications between Fireman's Fund and its attorneys relating to this matter. To the extent the request does not encompass such communications, it is duplicative of request nos. 4 and 6, 8, 10, 13, 14, and 16. Fireman's Fund objects to the extent that the request seeks documents subject to the attorney-client privilege, attorney work-product, privacy, trade secret,

1  proprietary, confidentiality, litigation, mediation and/or other applicable privileges, or that are
2  immune from disclosure.

3  Dated: February 22, 2016                    MORALES FIERRO & REEVES

                                              By: _____
                                              Ramiro Morales
                                              Laurence Near
                                              Attorneys for Defendant
                                              FIREMAN'S FUND INSURANCE
                                              COMPANY

*Hartford Casualty Ins. Co. v. Fireman's Fund Ins. Co., et al.*
USDC, Northern District of California
Case No. 3:15-cv-02592-SI

# PROOF OF SERVICE

I am employed by the Law Offices of Morales, Fierro & Reeves located at 2300 Contra Costa Blvd., Suite 310, Pleasant Hill, California, 94523. I am over the age of eighteen years and not a party to the within action.

On February 22, 2016, I served the document(s) described as

**DEFENDANT FIREMAN'S FUND INSURANCE COMPANY'S RESPONSE TO MOSEN O'HADI'S REQUEST PRODUCTION OF DOCUMENTS, SET ONE**

on the interested party(ies) in this action as follows:

| | |
|---|---|
| Stephen M. Hayes<br>Joshua N. Kastan<br>HAYS, SCOTT, BONINO, ELLINGSON & MCLAY, LLP<br>203 Redwood Shores Parkway, Suite 480<br>Redwood Shores, CA 94065<br>T: (650) 637-9100<br>**Attorneys for Hartford Casualty Ins. Co.** | Brian H. Gunn<br>WOLFE & WYMAN LLP<br>2175 N. California Blvd., Suite 645<br>Walnut Creek, CA 94596<br>T: (925) 280-0004<br>**Attorneys for Burns & Wilcox Ins. Servies** |
| Christine E. Jacob<br>HANSEN KOHLS SOMMER & JACOB LLP<br>1520 Eureka Road, Suite 100<br>Roseville, CA 95661<br>T: (916) 781-2550<br>**Attorneys for Mosen O'Hadi** | |

☒ BY U.S. MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same date with postage thereon fully prepaid in the ordinary course of business.

Executed on February 22, 2016 at Pleasant Hill, California.

*/s/ Denee Hernandez*
Denee Hernandez