UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY,<br><br>                Plaintiff,<br><br>     v.<br><br>FIREMAN'S FUND INSURANCE COMPANY, et al.,<br><br>                Defendants. | Case No. 15-cv-02592-SI<br><br>**ORDER RE: FIRST DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 72 |

Defendant Fireman's Fund Insurance Company ("Fireman's") and cross-defendant Mosen O'Hadi have filed a joint statement regarding a discovery dispute concerning Fireman's lack of response to O'Hadi's request for production of documents, set one ("RFPD 1"). Dkt. No. 72.

**BACKGROUND**

The underlying insurance coverage dispute concerns allegations by plaintiff Hartford Casualty Insurance Company ("Hartford") that Fireman's Fund issued an inadequate insurance policy to Hartford's assignor, Herndon Partners, LLC, in connection with a wrongful death lawsuit. Hartford has also alleged a professional negligence claim against the insurance broker, Burns & Wilcox Insurance Services, Inc. ("Burns & Wilcox"), based upon its failure to procure an insurance policy which would have provided liability coverage to Herndon, as raised in the wrongful death action. In response, Burns & Wilcox has filed a cross-complaint against Mosen O'Hadi, dba Malibu Pacific Insurance Agency, for declaratory relief and indemnity, asserting that its negligence in the procurement of the policy, if any, was caused by acts or omissions of Mr. O'Hadi. *See* Dkt. 42 (second amended complaint); Dkt. 17 (cross-complaint).

O'Hadi's RFPD 1 to Fireman's requested, "A complete copy of the claims file for claim no. 00510803190. (The claims file pertains to a claim for coverage filed by Herndon Partners, LLC, and/or Paul Owhadi, regarding the death of Francisco Martinez Moreno at the home located at 31522 Broad Beach Road, Malibu, CA, in or about September 2009, and the subsequent wrongful death lawsuit filed by Mr. Moreno's family, Fresno County Superior Court Case No. 1 OCECG03837.)" Dkt. 72 at 1.

O'Hadi's request is supported by his assertion that, since Hartford's complaint against Fireman's is based on Fireman's decision to decline coverage to Herndon, the claims file associated with the policies at issue contains information relevant to determining coverage, including the reasoning behind Fireman's ultimate decision to deny it. Dkt. 72 at 1-2. Fireman's counters that O'Hadi's request (1) is not relevant to the reformation and professional negligence actions that are being asserted and (2) is overly broad and not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

## LEGAL STANDARD

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Rule 26 defines relevant information as any information that "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The Supreme Court states that Rule 26 affords liberal discovery. *Seattle Times, Co. v. Rhinehart*, 467 U.S. 20, 34 (1984).

The heavy burden of showing why discovery should be denied rests with the party resisting discovery. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The resisting party must show that the discovery request is overly broad, unduly burdensome, irrelevant or disproportional in light of "the issues at stake." Fed. R. Civ. P. 26(b)(2)(C); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 472-73 (9th Cir. 1992). To meet this burden, the resisting party must specifically detail the reasons why each request is improper. *Beckman Indus.*, 966 F.2d at 476 ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.").

## DISCUSSION

Fireman's does not carry its burden here. It objects to O'Hadi's request on the basis that "the documents relevant to this action are contained in the underwriting file" and "there is no dispute that the policies as written do not provide coverage to Herndon for the underlying claims." Dkt. 72 at 2. But it is clear that documents contained in the claims file, which likely include an explanation of Fireman's decision to deny coverage, are relevant to determining what policies were issued, the terms and extent of each policy's coverage, and if the alleged inadequacy in coverage was foreseeable and thus caused by the professional negligence of Burns & Wilcox, and by extension, O'Hadi.

O'Hadi's request is not overly broad and is proportional to the needs of the case. The request details that O'Hadi seeks, "The claims file pertain[ing] to a claim for coverage filed by Herndon Partners, LLC, and/or Paul Owhadi, regarding the death of Francisco Martinez Moreno at the home located at 31522 Broad Beach Road, Malibu, CA, in or about September 2009, and the subsequent wrongful death lawsuit filed by Mr. Moreno's family, Fresno County Superior Court Case No. 1 OCECG03837.)" The request details what is sought and, as explained above, what is sought appears reasonably calculated to lead to the discovery of admissible evidence.

## CONCLUSION

The Court orders Fireman's to produce the claims file in compliance with O'Hadi's request for production of documents, set one ("RFPD 1").

**IT IS SO ORDERED**.

Dated: May 13, 2016

SUSAN ILLSTON
United States District Judge

3