1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HARTFORD CASUALTY INSURANCE
COMPANY,

          Plaintiff,

      v.

FIREMAN'S FUND INSURANCE
COMPANY, et al.,

          Defendants.

Case No.  15-cv-02592-SI

**ORDER DENYING BURNS &
WILCOX'S MOTION FOR SUMMARY
JUDGMENT**

Re: Dkt. No. 76

Presently before the Court is a motion for summary judgment by Burns & Wilcox seeking dismissal of plaintiff Hartford Casualty Insurance Company's professional negligence claim. Dkt. No. 76, Motion ("Burns"); Dkt. No. 42, Compl. ("Hartford"). The parties appeared before the Court on July 8, 2016 on Burns's motion. After careful consideration of papers submitted, and for the reasons articulated in open court, the motion will be DENIED.[1] Dkt. No. 76. Hartford's claim against Burns for professional negligence is not barred by the applicable statute of limitations. The cases advanced by Burns narrowly address attorney malpractice claims and are inapposite to

---

[1] Burns's request for judicial notice and Hartford's request for judicial notice will be granted for the limited purpose of determining whether the statute of limitations bars the litigation of the present action. *See* Dkt. No. 77 & Exhs.; Dkt. No. 96 & Exhs; *see also U.S. ex rel. Robinson Ranchiera Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (reasoning that a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (internal quotation marks and citations omitted)); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (reasoning that a court may take judicial notice "of its own records in other cases, as well as the records of an inferior court in other cases" (citations omitted)).

1    the present action.[2]

2        **IT IS SO ORDERED**.

3    Dated:  July 8, 2016

4

5    _____

6    SUSAN ILLSTON
     United States District Judge

7

8

9

10

11

12

13

_____

14       [2] In the attorney malpractice case *Jordache Enterprises, Inc. v. Brobeck, Phleger &
     Harrison*, 18 Cal. 4th 739 (Cal. 1998) ("*Jordache*"), the California Supreme Court held that the
15   statute of limitations for attorney malpractice accrues when the "fact of damage, rather than the
     amount" is determined.  *See Jordache*, 18 Cal. 4th at 752.  But *Jordache* also emphasized the
16   difference in legislative intent between sustaining "damage" and sustaining "actual injury" (*i.e.*,
     the fact of damage).  *See id.* at 748.  While the statute governing attorney malpractice claims
17   commences upon "actual injury," the statute governing professional negligence "commence[s] . . .
     after the cause of action shall have accrued"; in negligence, when the plaintiff suffered "damage."
18   *Compare* Cal. Civ. Proc. Code § 340.6 *with* Cal. Civ. Proc. Code § 312; *see also Norgart v.
     Upjohn Co.*, 21 Cal.4th 383, 389 (Cal. 1999) ("Under the statute of limitations, a plaintiff must
19   bring a cause of action within the limitations period applicable thereto after accrual of the cause of
     action. The general rule for defining the accrual of a cause of action sets the date as the time when
20   the cause of action is complete with all of its elements.").  Here, the "damage" necessary for
     Hartford's cause of action against Burns accrued on August 21, 2013, after the plaintiffs in the
21   Underlying Action accepted the remittitur.  *See* RJN (Dkt. 96-3) at 1-2; *see also Williams v. Hilb,
     Rogal & Hobbs Ins. Servs. Of California, Inc.*, 177 Cal. App. 4th 624, 642 (Cal. Ct. App. 1960).
22   Before then, no damage had yet been sustained and the statute of limitations had not accrued.  *See*
     Cal. Civ. Proc. Code 339 (setting forth a two-year statute of limitations); *Thomson v. Canyon*, 198
23   Cal. App. 4th 594, 606 (Cal. 2011) ("The shorter two-year statute of limitations of Code of Civil
     Procedure section 339, subdivision (1) has been consistently applied to a range of professional
24   negligence actions from those against accountants to those against real estate appraisers.  It is that
     statute of limitations that applies here, to the alleged professional negligence of a real estate agent
25   and broker." (citations omitted)).  Hartford's complaint was filed in this Court on June 10, 2015.
     Dkt. No. 1.  Burns' motion for summary judgment seeking dismissal of Hartford's claim on the
26   basis of the statute of limitation is accordingly DENIED.

27

28