| | |
|---|---|
| 1 | CHRISTINE E. JACOB (State Bar No. 216679) |
|   | BRET N. BATCHMAN (State Bar No. 236311) |
| 2 | HANSEN, KOHLS, SOMMER & JACOB, LLP |
|   | 1520 EUREKA ROAD, SUITE 100 |
| 3 | ROSEVILLE, CALIFORNIA 95661 |
|   | TELEPHONE: (916) 781-2550 |
| 4 | FACSIMILE: (916) 781-5339 |
|   | cjacob@hansenkohls.com |
| 5 | bbatchman@hansenkohls.com |

Attorneys for Cross-Defendant MOSEN O'HADI aka
MOSEN OHADI, dba MALIBU PACIFIC and/or
MALIBU PACIFIC REAL ESTATE CO and/or
MALIBU COASTAL INSURANCE SERVICES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY, an Indiana Corporation, | Case No. 3:15-cv-02592 SI |
| Plaintiff, | **CROSS-DEFENDANT MOSEN O'HADI'S MOTION IN LIMINE NO. 1 TO PRECLUDE PLAINTIFF HARTFORD CASUALTY INSURANCE COMPANY FROM INTRODUCING EVIDENCE THAT THE INSURANCE APPLICATIONS CONTAIN MISREPRESENTATIONS** |
| v. | |
| FIREMAN'S FUND INSURANCE COMPANY, a California Corporation; BURNS & WILCOX INSURANCE SERVICES, INC., a California Corporation, and DOES 1 to 50, | |
| Defendants. | |
| _____/ | Complaint Filed: June 10, 2015 |
| BURNS & WILCOX INSURANCE SERVICES, INC., a California Corporation, | Trial: November 14, 2016 |
| Cross-Complainant, | |
| v. | |
| MOSEN O'HADI aka MOSEN OHADI, dba MALIBU PACIFIC and/or MALIBU PACIFIC REAL ESTATE CO and/or MALIBU COASTAL INSURANCE SERVICES, and ROES 1 – 100, inclusive, | |
| Cross-Defendants. | |
| _____/ | |

## I.

## INTRODUCTION

Throughout the course of this action, Plaintiff HARTFORD CASUALTY INSURANCE COMPANY ("Hartford") has consistently asserted that the insurance applications prepared and submitted by Cross-Defendant MOSEN O'HADI ("O'Hadi"), a retail insurance broker, to Defendant BURNS & WILCOX INSURANCE SERVICES, INC. ("Burns & Wilcox"), a wholesale insurance broker, during the procurement of the Fireman's Fund Insurance Company's ("Fireman's Fund") Primary and Excess Policies contain no misrepresentations. Hartford's assertions have been considered by this Court and relied upon by parties to this action. As a result, the doctrines of judicial estoppel, equitable estoppel, and general fairness preclude Hartford from changing its position at trial and attempting to show that the insurance applications contain misrepresentations. As such, O'Hadi moves this Court, in limine, for an Order precluding Hartford and its witnesses, experts, and attorneys, from introducing evidence or arguing at trial that the insurance applications submitted by O'Hadi to Burns & Wilcox contain misrepresentations.

## II.

## RELEVANT FACTS

Throughout the pendency of this case, Hartford has consistently maintained that the Personal Umbrella Application,[1] which was submitted by O'Hadi to Burns & Wilcox in August 2008 (Declaration of Bret N. Batchman "Batchman Decl.," ¶ 2, Exhibit A), and the Homeowner Application[2] for the residence located at 31522 Broad Beach Road, Malibu, CA 90265, which was submitted by O'Hadi to Burns & Wilcox in October 2008 (Batchman Decl., ¶ 3, Exhibit B), contain no misrepresentations.

///

---

[1] Fireman's Fund issued insurance policy number NZA 242 90 23 ("Excess Policy") after submission of the Personal Umbrella Application.

[2] Fireman's Fund issued homeowner policy number NZA 335 54 62 ("Primary Policy") after submission of Homeowner Application.

### A. Fireman's Fund Answers Hartford's Second Amended Complaint And Files A Counterclaim For Rescission

On November 20, 2015, Hartford filed its Second Amended Complaint ("SAC") against Fireman's Fund and Burns & Wilcox. On January 27, 2016, Fireman's Fund answered the SAC and filed its own Counterclaim for Rescission based upon, among other things, that the insurance applications prepared and submitted for the Primary and Excess Policies contained material misrepresentations. (Batchman Decl., ¶ 4, Exhibit C [Dkt. No. 61].) On March 2, 2016, Hartford filed its Answer to Fireman's Fund's Counterclaim for Rescission and denied that the insurance applications submitted by O'Hadi during the procurement of the Primary Policy and Excess Policy contained any misrepresentations. (Batchman Decl., ¶ 5, Exhibit D, ¶¶ 40, 50, 51, 55, 56, 57 [Dkt. No. 66].)

### B. Hartford's Opposition To Fireman's Fund's Motion For Summary Judgment

On May 26, 2016, Hartford filed its Opposition to defendant Fireman's Fund Insurance Company's Motion for Summary Judgment. (Batchman Decl., ¶ 6, Exhibit E [Dkt. No. 79].) Fireman's Fund argued in support of its Motion for Summary Judgment that material misrepresentations were made on the insurance applications submitted for the Primary and Excess Policies. (Batchman Decl., ¶ 6, Exhibit E [Dkt. No. 79].) In its memorandum of points and authorities opposing the Motion, Hartford made the following representations:

- "As an initial matter, Owhadi and/or Herndon did not make any misrepresentations to Fireman's Fund regarding its business at the Malibu Property. (Owhadi Decl., ¶¶ 21-23.)" (Hartford's Opp'n to Fireman's Fund's MSJ, 8:21-22.)

- "Assuming, arguendo, that there was a concealment or misrepresentation during the application process – which there was not – Fireman's Fund cannot rescind the Fireman's Fund Policies because it failed to make a reasonable investigation with respect to any alleged misrepresentations made by its insured." (Hartford's Opp'n to Fireman's Fund's MSJ, 12:15-18.)

- "As stated above, Owhadi and/or Herndon did not make any misrepresentations to Fireman's Fund regarding its business at the Malibu Property. However, assuming, arguendo, that there was a concealment or misrepresentation during the application process – which there was not – Fireman's Fund cannot rescind the Fireman's Fund Policies because the statute of limitations for rescission has expired." (Hartford's Opp'n to Fireman's Fund's MSJ, 13:7-11.)

- "Owhadi and/or Herndon did not make any misrepresentations to Fireman's Fund regarding business at the Malibu Property. Assuming, arguendo, that there was a concealment or misrepresentation during the application process – which there was not – there is a genuine issue of material fact regarding the materiality of any mistakes or alleged misrepresentations made during the application process." (Hartford's Opp'n to Fireman's Fund's MSJ, 14:10-14.)

(Batchman Decl., ¶ 6, Exhibit E [Dkt. No. 79].)

Additionally, in support of its Opposition to the Motion for Summary Judgment, Hartford submitted the Declaration of Paul Owhadi. (Batchman Decl., ¶ 7, Exhibit F [Dkt. No. 82].) In his Declaration, Mr. Owhadi declared:

- "20. I do not believe that any misrepresentation whatsoever were ever made on my behalf or on behalf of Herndon to Burns & Wilcox, or Fireman's Fund regarding any topic, including as to the applications for the Fireman's Fund Primary Policy and Fireman's Fund Excess Policy."

- "21. I do not believe that I or Herndon ever concealed any information whatsoever to Bums & Wilcox, or Fireman's Fund regarding any topic, including as to the applications for the Fireman's Fund Primary Policy and Fireman's Fund Excess Policy."

- "22. I, on behalf of myself and Herndon, have always been open and honest with Bums & Wilcox, and Fireman's Fund regarding the Subject Premises and the Fireman's Fund insurance policies. I, on behalf of myself and Herndon, have always been cooperative with any requests for additional information from Burns & Wilcox, and Fireman's Fund regarding the Subject Premises and the Fireman's Fund insurance policies."

(Batchman Decl., ¶ 7, Exhibit F [Dkt. No. 82].)

C. **Hartford's Supplemental Opposition to Fireman's Fund's Motion for Summary Judgment**

After its initial briefing opposing Fireman's Fund's Motion for Summary Judgment, the Court allowed Hartford to submit a Supplemental Opposition, which it did so on July 1, 2016. (Batchman Decl., ¶ 8, Exhibit G [Dkt. No. 100].) In its Memorandum of Points and Authorities in Support of its Supplemental Opposition, Hartford made the following representations:

- "The fact remains that all of the information that Fireman's Fund needed to issue – and accept premiums for – its policies was correctly and accurately represented on the application forms. No misrepresentation ever occurred." (Hartford's Suppl. Opp'n to Fireman's Fund's MSJ, 1:14-16.)

- "Considered with the fact that absolutely no material misrepresentation was made to Fireman's Fund during the application process, Ms. Bacarti's testimony further supports that no rescission claim is viable here." (Hartford's Suppl. Opp'n to Fireman's Fund's MSJ, 11:11-14.)

> • "No material misrepresentation was made by the applicant as Herndon was clearly identified as the requested named insured on the face of the application for the Fireman's Fund Primary Policy. (Decl. Robertson, ¶ 12.)" (Hartford's Suppl. Opp'n to Fireman's Fund's MSJ, 11:23-25.)

(Batchman Decl., ¶ 8, Exhibit G [Dkt. No. 100].)

In support of Hartford's Supplemental Opposition to Fireman's Fund's Motion for Summary Judgment, Hartford submitted the Declaration of its expert James A. Robertson. (Batchman Decl., ¶ 9, Exhibit H [Dkt. No. 101].) In his expert Declaration, Mr. Robertson declared:

> • "Based on my review of the applications provided to Fireman's Fund that led to the issuance of the Fireman's Fund Primary and Excess policies, I do not believe that any material misrepresentation was made by the applicant. Herndon Partners, LLC ("Herndon") was clearly identified as the requested named insured on the face of the application for the Fireman's Fund Primary Policy. It would be my expectation, based upon my training and experience in the insurance industry, that an underwriter would recognize that an LLC such as Herndon is a legal entity." (Decl. of Robertson in Support of Hartford's Suppl. Opp'n to Fireman's Fund's MSJ, ¶ 12.)

(Batchman Decl., ¶ 9, Exhibit H [Dkt. No. 101].)

### D. The Expert Report Of Hartford's Expert James A. Robertson

On July 11, 2016, Hartford served the expert report of James A. Robertson in accordance with the FRCP 26(a)(2). (Batchman Decl., ¶ 10, Exhibit I.) In his Expert Report, Mr. Robertson concludes:

> • "There was no material misrepresentation made by Herndon or Paul Owhadi to Burns & Wilcox and/or FFIC regarding the procurement and/or underwriting of the FFIC policies." (Robertson's Expert Report, dated July 11, 2016, p. 5, ¶ 5.)

(Batchman Decl., ¶ 10, Exhibit I.)

### E. Order Granting Fireman Fund's Motion for Summary Judgment

On August 22, 2016, the Court issued its Order granting Fireman Fund's Motion for Summary Judgment. (Batchman Decl., ¶ 11, Exhibit J [Dkt. No. 120].) In its Order, the Court noted:

> • "Hartford argues in opposition that, while Owhadi did not make any misrepresentations in his applications, he did make a unilateral mistake which supports its reformation claim." (Court's Order Re Fireman's Fund's MSJ, 6:18-19.)

- "Hartford's supplemental opposition asserts that 'all the information Fireman's Fund needed to issue . . . its policies was correctly and accurately represented on the application forms' filled out by Owhadi. Supp Oppo. (Dkt. No. 100) at 3:14-16 (emphasis added)." (Court's Order Re Fireman's Fund's MSJ, 11:12-15.)

(Batchman Decl., ¶ 11, Exhibit J [Dkt. No. 120].)

### F. The Supplemental Expert Report Of Hartford's Expert James A. Robertson

On August 25, 2016, Mr. Robertson prepared a Supplemental Expert Report. (Batchman Decl., ¶ 12, Exhibit K.) In his Supplemental Expert Report, Mr. Robertson states:

- "The testimony cited above supports my previously expressed opinions that there is no evidence that Mr. Owhadi misrepresented the intended use of the property, and that Herndon was not involved in 'business pursuits' as defined by the policies at issue in this matter." (Robertson's Suppl. Expert Report, dated August 25, 2016, p. 3.)

(Batchman Decl., ¶ 12, Exhibit K.)

### G. The Deposition Of Hartford's Expert James A. Robertson

On September 30, 2016, Mr. Robertson was deposed. (Batchman Decl., ¶ 13, Exhibit L.) In his deposition, Mr. Robertson made the following statement:

- "[Question by Mr. Batchman] Did you find any misrepresentations that were on that original homeowners application submitted by Mosen by Burns & Wilcox? [Answer by Mr. Robertson] No." (James Robertson's Depo., 40:23-41:2.)

(Batchman Decl., ¶ 13, Exhibit L.)

### H. Hartford's Opposition to Burns & Wilcox's Second Motion for Summary Judgment

On October 7, 2016, Hartford filed its Opposition to Burns & Wilcox's Second Motion for Summary Judgment. (Batchman Decl., ¶ 14, Exhibit M [Dkt. No. 135].) In its Memorandum of Points and Authorities in Support of its Opposition, Hartford asserted:

- "There has been no ruling or determination that Herndon made any misrepresentations on the Primary or Excess Applications. In this Court's Order Granting Fireman's Fund's Motion for Summary Judgment (Dkt. No. 120), this Court concluded that Hartford was not entitled to reformation of the Fireman's Fund Policies. There was no ruling that Herndon misrepresented any information on the Primary or Excess Applications." (Hartford's Opp'n to Burns & Wilcox's Second MSJ, 11:8-12.)

- "In sum, there has been no finding, in either the present action or the Underlying Action, that Herndon was engaging in business activities or misrepresented any information on the Primary or Excess Applications. It is also the opinion of two of Hartford's experts in the present action that Herndon made no misrepresentations.

(Kastan Decl. ¶ 28, Ex. Y, Depo. Robertson, at 40:24-41:10; Kastan Decl. ¶ 26, Ex. W, Depo. Way, at 28:12-30:14.) As such, there is a dispute of fact as to whether Herndon misrepresented any information on the Primary or Excess Applications." (Hartford's Opp'n to Burns & Wilcox's Second MSJ, 12:6-11.)

- "There were no misrepresentations in the Primary or Excess Applications." (Hartford's Opp'n to Burns & Wilcox's Second MSJ, 13:12-14.)

(Batchman Decl., ¶ 14, Exhibit M [Dkt. No. 135].)

## III.

## AUTHORITY FOR MOTIONS IN LIMINE

A motion in limine is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 (1984). Although motions in limine are not expressly authorized by the Federal Rules of Civil Procedure or the Federal Rules of Evidence, it is recognized that such motions are proper requests which the trial court has the inherent power to entertain and grant. *See Ohler v. United States*, 529 U.S. 753, 758 (2000); *Padillas v. Stork-Gamco, Inc.*, 186 F.3d 412, 417 (3rd Cir. 1999); *United States v. Cook*, 608 F.2d 1175, 1186 (9th Cir. 1979) (explaining that the matter should be left to trial court's discretion "with a reminder that advance planning helps both parties and the court"); *Luce v. United States*, 469 U.S. 38, 41 (1984); *United States v. Holmquist*, 36 F.3d 154, 163 (1st Cir. 1994).

## IV.

## ARGUMENT

As detailed above, Hartford has consistently asserted that the insurance applications prepared by submitted by O'Hadi for the Fireman's Fund Primary and Excess Policies contained no misrepresentations. (Batchman Decl., ¶¶ 4-14, Exhibits C-M.) For the reasons identified below, it would be unfair to allow Hartford to change or alter its position at trial.

///

///

///

///

///

### A. The Doctrine Of Judicial Estoppel Precludes Hartford From Changing Its Position At Trial

"The doctrine of judicial estoppel is invoked to preclude a party from abusing the judicial process by taking inconsistent positions in the same litigation."[3] *United States v. Ruiz*, 73 F.3d 949, 953 (9th Cir. 1996) (citation omitted). Stated another way, the equitable doctrine of judicial estoppel "precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) (citing *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600–01 (9th Cir.1996); *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir.1990)).

The Court considers three factors in deciding whether to apply the doctrine of judicial estoppel: (1) whether "a party's later position is 'clearly inconsistent' with its earlier position;" (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled;'" and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 751 (2001)).

In Opposition to Fireman's Fund's Motion for Summary Judgment, Hartford repeatedly asserted that the insurance applications contain no misrepresentations. (Batchman Decl., ¶¶ 6-9, Exhibits E-H.) In granting Fireman's Fund's Motion for Summary Judgment, the Court acknowledged Hartford's argument. (Batchman Decl., ¶ 11, Exhibit J [Dkt. No. 120] [Court's Order Re Fireman's Fund's MSJ, 6:18-19, 11:12-15].) Specifically, the Court noted: (1) "Hartford argues in opposition that, while Owhadi did not make any misrepresentations in his applications, he did make a unilateral mistake which supports its reformation claim"; and (2) "Hartford's supplemental opposition asserts that 'all the information Fireman's Fund needed to issue . . . its policies was correctly and accurately represented on the application forms' filled out

---

[3] The Ninth Circuit applies federal law of judicial estoppel in diversity cases. *See Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 599, 602-03 (9th Cir. 1996).

by Owhadi. Supp Oppo. (Dkt. No. 100) at 3:14-16 (emphasis added)." (Batchman Decl., ¶ 11, Exhibit J [Dkt. No. 120].)

After the Court granted Fireman's Fund's Motion for Summary Judgment, Burns & Wilcox filed a Motion for Summary Judgment. In opposing Burns & Wilcox's Motion for Summary Judgment, Hartford once again relied upon its argument that the insurance applications contain no misrepresentations. (*See generally* Batchman Decl., ¶ 14, Exhibit M [Dkt. No. 135].) Indeed, Hartford asserted, *inter alia*, that "[t]here is a dispute of fact as to whether Herndon misrepresented any information on the Primary or Excess Applications." (Batchman Decl., ¶ 14, Exhibit M [Dkt. No. 135] [Hartford's Opp'n to Burns & Wilcox's Second MSJ, 12:20-23].)

The Court has not yet issued its ruling on Burns & Wilcox's Motion for Summary Judgment. If the Court denies Burns & Wilcox's Motion for Summary Judgment, it will presumably be because the Court accepted Hartford's position that there is a material dispute of fact regarding whether the insurance applications contain misrepresentations. Consequently, it would be unfair to allow Hartford to contradict the position it took in opposing Burns & Wilcox's Motion for Summary Judgment.

Therefore, the doctrine of judicial estoppel precludes Hartford from contradicting its previous position that the insurance applications contain no misrepresentations.

### B. Additionally, The Doctrine Of Equitable Estoppel Precludes Hartford From Changing Its Position At Trial

Equitable estoppel is a judicial remedy by which a party to a legal controversy is precluded, because of some improper action on its part, from asserting a claim or defense. *Russell v. Texas. Co.*, 238 F.2d 636, 640 (9th Cir. 1956). Specifically, it is applied against a person whose words or conduct have induced another to act or refrain from action in a manner that has resulted in harm or loss or would do so if the responsible person is not estopped. *Columbia Law Review,* 79 COLUM. L. REV. 551, April 1979. The remedy is a powerful one and may often be dispositive of the substantive outcome of the controversy. Thus, estoppel is used with care and in the sound discretion of the court and when required to promote the ends of justice. *Russell v. Texas. Co.*, 238 F.2d 636, 640 (9th Cir. 1956). In the exercise of this

discretion, courts must ascertain not only the factual situation justifies the use of estoppel, but also that the party seeking estoppel deserves the benefit of the remedy. *Precision Instrument Mfg. Co. v. Automotive Maintenance Mach. Co.*, 324 U.S. 806, 814 (1945).

"The elements of equitable estoppel are that (1) the party to be estopped knows the facts, (2) he or she intends that his or her conduct will be acted on or must so act that the party invoking estoppel has a right to believe it is so intended, (3) the party invoking estoppel must be ignorant of the true facts, and (4) he or she must detrimentally rely on the former's conduct." *Lehman v. United States*, 154 F.3d 1010, 1016 (9th Cir. 1998).

As explained above, Hartford has maintained in its pleadings, opposition to motions, witness declarations, expert declarations, and expert reports that no material misrepresentations were present in the underlying insurance applications submitted by O'Hadi for the Fireman's Fund Primary and Excess Policies. (Batchman Decl., ¶¶ 4-14, Exhibits C-M.) If Hartford were to change course and argue that misrepresentations in the policy applications were present, an inequitable result would occur, as O'Hadi has prepared and relied upon Hartford's stated position throughout the pendency of the case, including the report of Hartford's own expert, that "[t]here was no material misrepresentation made by Herndon or Paul Owhadi to Burns & Wilcox and/or FFIC regarding the procurement and/or underwriting of the FFIC policies." (Batchman Decl., ¶ 15; *see also* Batchman Decl., ¶ 10, Exhibit I [Robertson's Expert Report, dated July 11, 2016, p. 5, ¶ 5].)

Hartford has remained steadfast in this position, keenly pointing out to the Court in its recent Opposition to the pending Burns & Wilcox Motion for Summary Judgment that no misrepresentations occurred:

> It is also the opinion of two of Hartford's experts in the present action that Herndon made no misrepresentations. (Kastan Decl. ¶ 28, Ex. Y, Depo. Robertson, at 40:24-41:10; Kastan Decl. ¶ 26, Ex. W, Depo. Way, at 28:12-30:14.) As such, there is a dispute of fact as to whether Herndon misrepresented any information on the Primary or Excess Applications.

(Batchman Decl., ¶ 14, Exhibit M [Dkt. No. 135] [Hartford's Opp'n to Burns & Wilcox's Second MSJ, 12:6-11].)

O'Hadi has prepared his defense of this case based upon Hartford's own statements and the statements of its experts that no misrepresentations occurred in the policy applications. Also, O'Hadi

has not submitted any rebuttal expert reports to Hartford's original expert reports (in accordance with the Court's Pre-Trial Scheduling Order), as there were no opinions to rebut. (Batchman Decl., ¶ 16.) Thus, based upon Hartford's consistent position stated throughout this action that no misrepresentations occurred in the policy applications, it should be estopped from changing such opinions at trial.

## V.

## CONCLUSION

Hartford has consistently maintained that the insurance applications contain no misrepresentations. Because Hartford's assertions have been considered by the Court and relied upon by parties to this action, it would be unfair to allow Hartford to take a contradictory position at trial. In fact, the doctrines of judicial estoppel, equitable estoppel, and general fairness preclude Hartford from doing so. Thus, O'Hadi respectfully requests that the Court issue an Order precluding Hartford, and its witnesses, experts, and attorneys, from introducing evidence or arguing at trial that the insurance applications prepared and submitted by O'Hadi during the procurement of the Fireman's Fund Primary and Excess Policies contain misrepresentations.

DATED: October 25, 2016                   Respectfully submitted

HANSEN, KOHLS, SOMMER & JACOB, LLP

By:   /s/ BRET N. BATCHMAN
Attorneys for Cross-Defendant MOSEN O'HADI aka MOSEN OHADI, dba MALIBU PACIFIC and/or MALIBU PACIFIC REAL ESTATE CO and/or MALIBU COASTAL INSURANCE SERVICES