# Exhibit H

1  STEPHEN M. HAYES (SBN 83583)
   JOSHUA N. KASTAN (SBN 284767)
2  ANGUS J. CANNON (SBN 292927)
   **HAYES SCOTT BONINO**
3  **ELLINGSON & McLAY, LLP**
   203 Redwood Shores Parkway, Suite 480
4  Redwood City, California 94065
   Telephone: 650.637.9100
5  Facsimile: 650.637.8071

6  Attorneys for Plaintiff
   HARTFORD CASUALTY INSURANCE COMPANY
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        SAN FRANCISCO DIVISION

| | |
|---|---|
| 11  HARTFORD CASUALTY INSURANCE COMPANY, an Indiana Corporation,<br>12<br>   Plaintiff,<br>13<br>   v.<br>14<br>   FIREMAN'S FUND INSURANCE COMPANY, a California Corporation; BURNS & WILCOX INSURANCE SERVICES, INC., a California Corporation; and DOES 1 to 50,<br>17<br>   Defendants. | CASE NO. 15-cv-02592-SI<br><br>**DECLARATION OF JAMES ROBERTSON IN SUPPORT OF PLAINTIFF HARTFORD CASUALTY INSURANCE COMPANY'S SUPPLEMENTAL OPPOSITION TO FIREMAN'S FUND'S MOTION FOR SUMMARY JUDGMENT**<br><br>**Hearing Date:** July 8, 2016<br>9:00 a.m.<br>**Dept.:** Courtroom 1, 17th Floor<br>**Judge:** Honorable Susan Illston<br>**Complaint Filed:** June 10, 2015<br>**Trial:** November 14, 2016<br>8:30 am |
| 18  BURNS & WILCOX INSURANCE SERVICES, INC., a California Corporation,<br>19<br>   Cross-Complainant,<br>20<br>   v.<br>21<br>   MOSEN O'HADI aka MOSEN 'OHAD dba<br>22  MALIBU PACIFIC and/or MALIBU PACIFIC REAL ESTATE CO and/or MALIBU<br>23  COASTAL INSURANCE SERVICES, and DOES 1 – 100, inclusive,<br>24<br>   Cross-Defendants, | |

26  ///
27  ///
28  ///

701221                              -1-

**DECLARATION OF JAMES ROBERTSON ISO OPPOSITION TO FIREMAN'S FUND'S MSJ**
*HARTFORD CAS. INS. CO. v. FIREMAN'S FUND INS. CO. ET AL. – CASE NO. 3:15-CV-02592-SI*

I, James Robertson, declare as follows:

1. I have personal knowledge of each matter stated herein and, if called as a witness, I could and would competently testify thereto. I am familiar with the facts set forth in this declaration.

2. I submit this declaration in support of Plaintiff Hartford Casualty Insurance Company's ("Hartford") Supplemental Opposition to Fireman's Fund Insurance Company's ("Fireman's Fund") Motion for Summary Judgment.

3. I have been involved in the insurance industry since 1970, and have extensive experience regarding the underwriting of both personal and commercial lines insurance policies in California. Since 1992 I have been the President and Chief Executive Officer of Interisk Limited, providing services related to risk management and insurance litigation consulting, including underwriting matters.

4. A true and correct copy of my current curriculum vitae is attached hereto as Exhibit "O".

5. I have been retained by Hartford with regard to the instant lawsuit and, for the purpose of this declaration, asked to provide my professional opinion on certain topics regarding the underwriting of the Fireman's Fund insurance policies involved in this case.

6. I have completed a preliminary review of several thousand pages of documents relative to this case, including but not limited to the documents produced in discovery by Fireman's Fund, Burns & Wilcox Insurance Services, Inc. ("Burns & Wilcox"), and Mosen O'Hadi. I have also reviewed Hartford's Second Amended Complaint, the exhibits attached thereto, and Fireman's Fund's Answer and Counterclaim for Rescission.

7. I have also reviewed a Fireman's Fund primary homeowners' policy, policy number NZA 335 54 52 ("Fireman's Fund Primary Policy"), and a Fireman's Fund excess policy, policy number NZA 242 90 23 ("Fireman's Fund Excess Policy"). In addition, I reviewed the underwriting notes ("SRS notes") relative to the Fireman's Fund Primary Policy and Fireman's Fund Excess Policy which I understand were produced by Fireman's Fund in discovery in this case.

8. I have further reviewed the deposition transcripts of Mosen O'Hadi, Donna Bacarti,

1  Marc Orloff, and Lynn Hadfield taken in the instant case.

2  9. In the various roles I have held in the insurance industry since the 1970s, I have been involved in the underwriting of multitudes of personal and commercial lines policies with numerous insurance companies.

3  10. Based upon my training and extensive experience in the insurance industry and as an underwriter, when an agent or broker requests that a named insured be listed on the application for a policy, that is the named insured for whom the risk should evaluated and, if the decision is made to underwrite the risk and issue the policy, for whom the policy should be placed.

4  11. When an underwriter is considering an application for, and issuance of, an excess policy that purports to cover a given risk (*e.g.*, a location or property), the underwriter of the excess policy must take into account the individual(s), entity, or entities, which have an ownership interest in that risk. In this context, such an ownership interest can and should be considered to be an insurable interest (also sometimes characterized as a "liability risk"). In California and elsewhere, based upon my training and experience, underwriters should only issue coverage to insureds who have an insurable interest in a given risk.

5  12. Based on my review of the applications provided to Fireman's Fund that led to the issuance of the Fireman's Fund Primary and Excess policies, I do not believe that any material misrepresentation was made by the applicant. Herndon Partners, LLC ("Herndon") was clearly identified as the requested named insured on the face of the application for the Fireman's Fund Primary Policy. It would be my expectation, based upon my training and experience in the insurance industry, that an underwriter would recognize that an LLC such as Herndon is a legal entity.

6  13. Based on my experience in the insurance industry, as an underwriter, and upon my review of the documents provided to me to date in this case, it appears that the Fireman's Fund Excess Policy was issued on between 11 and 18 different residence exposures. However, it would be unreasonable for an underwriter or another similarly-situated individual employed by an insurance carrier considering whether to amend excess coverage to conclude that an individual (such as Paul Owhadi) would own 11 to 18 properties in their own personal name. At the very

-3-

least, based upon my training, education, and decades of experience, I believe that the standard of care for an underwriter would be to inquire further with the applicant or the applicant's representative as to the ownership interest in each of said properties.

14.   This need for further inquiry would be especially acute where, as here, Herndon was known by Fireman's Fund to have an ownership interest in the property at 31522 Broad Beach Road, in Malibu, California ("Subject Premises"), based upon the application for the Fireman's Fund Primary Policy in October 2008. That fact alone would be sufficient to provide an underwriter with information that Herndon had an interest in the Subject Premises. At that same time, in late October 2008, it was also requested that Fireman's Fund increase the number of residences to be covered under the Fireman's Fund Excess Policy from 11 to 12, to include the Subject Premises. However, Fireman's Fund does not appear to have made any attempt to include Herndon on the Fireman's Fund Excess Policy by an additional insured endorsement. Notably, Fireman's Fund did specifically include Herndon as an insured on the Fireman's Fund Primary Policy through an additional insured endorsement.

15.   In addition, based on the deposition testimony of Fireman's Fund Senior Underwriter Lynn Hadfield, no steps were taken to investigate independent sources of who or what Herndon was at the time that the Fireman's Fund Primary Policy was issued, or who held title to the Subject Premises. Ms. Hadfield did not search any databases, the Internet, or look to any government records as to these matters. At most, Ms. Hadfield appears to have based her understanding of the Subject Premises and Herndon on second- or third-hand information that would have been otherwise readily available to her directly. Based upon my training and experience, a reasonable underwriter should take such steps to research and investigate a potential risk in determining whether to issue an insurance policy or policies where they had any questions as to ownership interest or the nature of an LLC entity, such as Herndon. Not taking greater care in the investigation of a potential insured suggests that the insurer considered such matters to be of minor importance in the acceptance of the risk. In this case, Ms. Hadfield testified that she was the underwriter for both the Fireman's Fund Primary and Excess policies, and that she had knowledge that Herndon had an interest in the subject property. This interest should have been insured under

both the Primary and Excess Fireman's Fund policies.

16. Based on Fireman's Fund's acknowledgment that it knew Herndon owned the Subject Premises and its addition of the Subject Premises as an exposure on the Fireman's Fund Excess Policy, I would expect, based upon my training, experience, and familiarity with the standards in the industry that an underwriter should ensure that the individual or entity which owns a property would be provided with liability coverage in order for the property to be insured on an insurance policy. It is a basic premise of underwriting and the responsibility of any underwriter to ensure that, where a policy is to be issued, any owner of property insured under the policy is listed as an insured.

17. I understand additional depositions and discovery are planned in this case, and so I anticipate reviewing such later-developed additional information once it is provided to me as this case continues, and I reserve the right to amend the opinions provided herein based upon such additional material.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed this 1st day of July, 2016 at Newport Beach, California.

_____
JAMES ROBERTSON

701221

-5-

**DECLARATION OF JAMES ROBERTSON ISO OPPOSITION TO FIREMAN'S FUND'S MSJ**
*HARTFORD CAS. INS. CO. v. FIREMAN'S FUND INS. CO. ET AL. – CASE NO. 3:15-CV-02592-SI*