# Exhibit W

# DONALD A. WAY, CPCU, CLU, ARM
Don Way Litigation, LLC
CONSULTANT
Email: donway@donwaylitigation.com
124 Patricia Drive, Atherton, CA 94027
*Global Cell and Voicemail 650-799-2029*
*Secondary Address*
59-457-2 Ala Kahua Drive
Kamuela, Hawai'i 96743
[FedEx only]

I, Donald A. Way, do hereby declare:

I have been retained as an expert by Hayes Scott Bonino Ellingson & McLay, LLP, counsel to Hartford Casualty Insurance Company, to render opinions with respect to the following issues in the matter of

**HARTFORD CASUALTY INSURANCE COMPANY, an Indiana Corporation, Plaintiff v. FIREMAN'S FUND INSURANCE COMPANY, a California Corporation; BURNS & WILCOX INSURANCE SERVICES, INC., a California Corporation; and DOES 1 to 50, Defendants.**

**UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION, CASE NO.: 3:15-CV-02592-SI.**

### Assignment.
This is a rebuttal report to the expert reports submitted on behalf of defendants by Jeffrey McKinley (7/9/16), Elliott Rothman (7/11/16), and Charles Henderson (7/11/16.)

### Opinions.

I hereby reaffirm in its entirety and incorporate by reference as if set forth in full herein the statements and opinions expressed in my initial expert report of July 10, 2016.

JEFFREY MCKINLEY.
I concur with most of Mr. McKinley's report. However, I take exception to, and disagree with, his opinion that Malibu (O'Hadi) procured what Owhadi requested for the obvious reason that had O'Hadi done so, we would not have this lawsuit. Even if Fireman's is found to owe damages, it should not be necessary to instigate litigation to obtain the benefits (coverage) requested and allegedly procured.

1

ELLIOTT ROTHMAN.
- Contrary to Mr. Rothman's opinion, rescission was not a viable option as even Fireman's itself demonstrated probable coverage by participating in the defense and offering up its Home Policy full limit of $300,000 in response to the 998 offer in The Underlying. I find no evidence of material misrepresentation, intentional or otherwise.
- While wholesale brokers (B&W) and insurers (Fireman's) generally are entitled to, and do, rely upon the representations of the insured and its broker, in custom and practice that reliance is not unlimited; it may be, as in this matter, modified by the facts of an individual submission. Especially with regard to B&W's interactions with O'Hadi, there were numerous "red flags" (e.g., O'Hadi's evident inexperience and incompetence) to call for further inquiry.
- At the very least, as stated above, defendants did have a professional obligation to ask questions, and they certainly had many opportunities to do so. I note the additional insured (Herndon) and the disclosed large number of rental properties, for example.
- Had The Policies been issued as originally requested by O'Hadi and Owhadi (rental properties, Herndon as a Named Insured, for example), coverage for The Underlying would have been there when needed.
- I disagree with Mr. Rothman's artificial differentiation as to "personal insurance." Is a rental house not "personal?" I am fortunate to own rental properties, and they are insured on my "personal" policies. The Fireman's Prestige Automobile Insurance Policy, a "personal" policy, insured four cars registered to business entities.

CHARLES HENDERSON
Mr. Henderson, an experienced insurance claims expert without any brokering experience or expertise, offers mostly claims handling and coverage opinions. Claims handling is outside the ambit of my retention, and so I will not offer opinions in that area (other than with respect to the joint concealment of the Excess Policy.) Policy interpretation ("coverage opinion") is an area best left to attorneys and the court. However, brokers of necessity routinely advise clients as to probable coverage or the lack thereof, something I did every business day for nearly 50 years. In custom and practice, and in my own extensive experience, a Home Policy, as well as a personal Excess Policy, often extend to rental properties, as was intended by Owhadi and O'Hadi in this case. Finally, I most strongly disagree with Mr. Henderson regarding the intentional concealment of the Excess Policy. O'Hadi, B&W, and Fireman's each had an obligation timely to present its existence and defer its coverage interpretation to the proper authority.

To a reasonable degree of professional certainty, my opinions are as stated above.

> I have been advised that I may be provided with additional materials and that I may be asked to review additional documents or transcripts of deposition and trial testimony, including depositions that are either open or yet to be scheduled and reports and depositions of other experts, or other documents so that I may incorporate

2

my review of them into my testimony at trial. I reserve the right for addition to, as well as amendment or deletion of, the opinions expressed above as additional discovery is provided.

Respectfully submitted on July 28, 2016.


/s/ Donald A. Way
    Donald A. Way, CPCU, CLU, ARM
    Atherton, California

3