# Exhibit X

# DONALD A. WAY, CPCU, CLU, ARM
Don Way Litigation, LLC
CONSULTANT
Email: donway@donwaylitigation.com
124 Patricia Drive, Atherton, CA 94027
*Global Cell and Voicemail 650-799-2029*
Secondary Address
59-457-2 Ala Kahua Drive
Kamuela, Hawai'i 96743
[FedEx only]

I, Donald A. Way, do hereby declare:

I have been retained as an expert by Hayes Scott Bonino Ellingson & McLay, LLP, counsel to Hartford Casualty Insurance Company, to render opinions with respect to the following issues in the matter of

> HARTFORD CASUALTY INSURANCE COMPANY, an Indiana Corporation, Plaintiff v. FIREMAN'S FUND INSURANCE COMPANY, a California Corporation; BURNS & WILCOX INSURANCE SERVICES, INC., a California Corporation; and DOES 1 to 50, Defendants.
>
> UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION, CASE NO.: 3:15-CV-02592-SI.

### Assignment.
This is a SUPPLEMENTAL report submitted after reviewing the deposition transcripts of Paul Owhadi (7/26/16) and Melanie Juarros (7/29/16.)

### Opinions.

I hereby reaffirm in their entirety and incorporate by reference as if set forth in full herein the statements and opinions expressed in my initial expert report of July 10, 2016 and my rebuttal report of 7/28/16.

JUARROS
Melanie Juarros was the claims handler for Fireman's in this matter. I defer to Ed McKinnon to offer further expert opinion in this area.

OWHADI

1

Paul Owhadi (and his sole ownership entities, such as Herndon) is the individual intended to be protected financially by the various Policies. Coverage was intended and reasonably expected to extend to all assets in which he, his wife, Susan, or any of his multiple sole owner interests had exposure. He testified under oath in his deposition of 7/26/16 that he purchased The Premises as a temporary home [24:3; 29:17.] Contrary to the jury finding in The Underlying, he testified that Herndon never had any employees and thus no workers' compensation insurance; the individuals, including the deceased, working on The Premises, were employees of other controlled entities which did maintain the statutory insurance [38:11; 43:10; 54:1.] I find his testimony credible. He believes B&W was provided with a list of all of his ownership interests and properties [145:18.] He never was told that the Excess Policy, allegedly a personal umbrella, would not extend to all [150:25.] If such coverage was limited, as Fireman's argues, then their (and O'Hadi's and B&W's) concealment was an egregious violation of the standard of care owed to Owhadi by each of them.

To a reasonable degree of professional certainty, my opinions are as stated above.

 I have been advised that I may be provided with additional materials and that I may be asked to review additional documents or transcripts of deposition and trial testimony, including depositions that are either open or yet to be scheduled and reports and depositions of other experts, or other documents so that I may incorporate my review of them into my testimony at trial. I reserve the right for addition to, as well as amendment or deletion of, the opinions expressed above as additional discovery is provided.

Respectfully submitted on August 9, 2016.


/s/ Donald A. Way
_____
  Donald A. Way, CPCU, CLU, ARM
  Atherton, California

2