Page 1

1                UNITED STATES DISTRICT COURT

2               NORTHERN DISTRICT OF CALIFORNIA

3                  SAN FRANCISCO DIVISION

4     --------------------------------

5     HARTFORD CASUALTY INSURANCE      )

6     COMPANY, an Indiana Corporation,)

7               Plaintiff,            )

8         vs.                        ) No. 3:15-CV-

9     FIREMAN'S FUND INSURANCE        )     02592-SI

10    COMPANY, a California           ) VOLUME I

11    Corporation; BURNS & WILCOX     )

12    INSURANCE SERVICES, INC., a     )

13    California Corporation; and     )

14    DOES 1 to 50,                   )

15              Defendants.           )

16    --------------------------------

17    AND RELATED CROSS-ACTIONS        )

18    --------------------------------

19         DEPOSITION OF EDWARD J. MCKINNON, RPA

                   Glendale, California

20             Monday, September 12, 2016

                       Volume I

21

22    Reported by:

      SONDIA JOHNSON

23    CSR No. 6602

24

25    Job No. CS2381367

```
 1              UNITED STATES DISTRICT COURT

 2             NORTHERN DISTRICT OF CALIFORNIA

 3                SAN FRANCISCO DIVISION

 4     --------------------------------

 5     HARTFORD CASUALTY INSURANCE      )

 6     COMPANY, an Indiana Corporation,)

 7                   Plaintiff,         )

 8         vs.                          ) No. 3:15-CV-

 9     FIREMAN'S FUND INSURANCE         )     02592-SI

10     COMPANY, a California            ) VOLUME I

11     Corporation; BURNS & WILCOX      )

12     INSURANCE SERVICES, INC., a      )

13     California Corporation; and      )

14     DOES 1 to 50,                    )

15                   Defendants.        )

16     --------------------------------

17     AND RELATED CROSS-ACTIONS        )

18     --------------------------------

19          Deposition of EDWARD J. MCKINNON, RPA,

20     Volume 1, taken on behalf of Defendants, at

21     450 North Brand Boulevard, Suite 600, Glendale,

22     California, beginning at 10:02 a.m. and ending at

23     11:14 a.m. on Monday, September 12, 2016, before

24     SONDIA JOHNSON, Certified Shorthand Reporter

25     No. 6602.
```

Page 3

```
 1    APPEARANCES OF COUNSEL:

 2

 3    FOR THE PLAINTIFF:

 4        HAYES SCOTT BONINO

 5        ELLINGSON & McLAY, LLP

 6        BY:   JOSHUA N. KASTAN, ESQ.

 7        203 Redwood Shores Parkway

 8        Suite 480

 9        Redwood City, California  94065

10        (650) 637-9100

11        jkastan@hayesscott.com

12

13    FOR THE CROSS-DEFENDANT MOSEN O'HADI:

14        HANSEN KOHLS, SOMMER & JACOB LLP

15        BY:  BRET BATCHMAN, ESQ.

16        1520 Eureka Road

17        Suite 100

18        Roseville, California  95661

19        (916) 781-2550

20        bbatchman@hansenkohls.com

21

22

23

24

25
```

Page 4

1    APPEARANCES OF COUNSEL (CONTINUED):

2

3    FOR THE DEFENDANT AND CROSS-COMPLAINANT BURNS &

4    WILCOX INSURANCE SERVICES, INC.:

5        WOLFE & WYMAN LLP

6        BY:  BRIAN H. GUNN, ESQ.

7        2175 North California Boulevard

8        Suite 645

9        Walnut Creek, California  94596-3501

10       (925) 280-0004

11       bhgunn@wolfewyman.com

12        (Present via telephone)

13

14

15

16

17

18

19

20

21

22

23

24

25

1    entities owned by Mr. Owhadi, but separate entities,

2    entities which had workers' compensation insurance

3    to protect the employees and other insurance for

4    making -- keeping payroll records and being operated

5    as businesses.

6    BY MR. BATCHMAN:

7        Q.    Did you see anything in the underlying

8    record that led you to believe that Herndon Partners

9    was acting as anything other than as a homeowner of

10   the Broad Beach residence during the renovation that

11   was taking place in 2009?

12       A.    No.    In fact, it contracted with the

13   entities that were businesses, operating as

14   businesses to do the work.    So withstanding in the

15   shoes of a homeowner.

16       Q.    And based upon the facts as you understand

17   it, would that be a business activity of Herndon

18   Partners, LLC?

19       A.    I would not expect that a court would

20   conclude that, no.

21       Q.    Did you see anything in your review of the

22   underlying file that made you believe that Herndon

23   Partners, LLC was conducting business at the time of

24   the September 2009 accident?

25       A.    No, I didn't see anything.    It appeared to

Page 40

1    be, from everything in the underwriting file, just

2    what it was represented to be, and that is an entity

3    created for tax purposes and for liability purposes

4    to insulate Mr. Herndon in his personal capacity.

5        Q.    Did you see any misrepresentations of the

6    insurance application submitted by Mosen on behalf

7    of Mr. Owhadi and/or Herndon Partners, LLC?

8        A.    I don't recall it considered to be a

9    misrepresentation.

10       Q.    Going to page 8 of your report.  The

11   second -- the first full paragraph indicates:

12           "FFIC failed to timely analyze or

13       investigate the availability of coverage

14       under the FFIC Excess policy.  It is my

15       professional opinion that most reasonable

16       claims professionals reviewing the facts

17       and circumstances known or available to

18       FFIC would conclude that Herndon came within

19       the definition of insured, specifically 'any

20       person or organization held liable for an

21       act or failure to act by [Owhadi]."

22   The next paragraph reads:

23           "FFIC's failure to communicate

24       Herndon's potential insured status to anyone

25       outside of FFIC until the day before the

1          I, the undersigned, a Certified Shorthand

2     Reporter of the State of California, do hereby

3     certify:

4          That the foregoing proceedings were taken

5     before me at the time and place therein set forth;

6     that any witnesses in the foregoing proceedings,

7     prior to testifying, were placed under oath; that a

8     record of the proceedings was made by me using

9     machine shorthand which was thereafter transcribed

10    under my direction; further, that the foregoing

11    transcript is a true record of the testimony given.

12         Further, that if the foregoing pertains to

13    the original transcript of a deposition in a Federal

14    Case, before completion of the proceedings, review

15    of the transcript [ ] was [ ] was not requested.

16         I further, certify that I am neither

17    financially interested in the action nor a relative

18    or employee of any attorney or any party to this

19    action.

20         IN WITNESS WHEREOF, I have this date

21    subscribed my name.

22    Dated:

23

24         SONDIA JOHNSON

25         CSR No. 6602